**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

OI EUROPEAN GROUP B.V.,
Buitenhavenweg 114-116, Postbus 46
Schiedam, Netherlands 3113 BE

Plaintiff,

- against -

BOLIVARIAN REPUBLIC OF VENEZUELA,
Procuraduría General de la República
Av. Los Ilustres, cruce con calle Francisco Lazo Martí
Edificio Sede Procuraduría General de la República
Urb. Santa Mónica
Caracas
República Bolivariana de Venezuela

Defendant.

**COMPLAINT**

OI European Group B.V. ("OIEG"), by its attorneys BAKER & McKENZIE LLP, as and for its complaint against the Bolivarian Republic of Venezuela ("Venezuela"), alleges as follows:

**<u>INTRODUCTION</u>**

1. OIEG brings this action, pursuant to 22 U.S.C. § 1650a and Article 54 of the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention"), to recognize a unanimous arbitration award for more than $400 million and to enter judgment thereon.[1]

[1] There is currently pending in the United States District Court for the Southern District of New York a summary proceeding involving the same parties and the same arbitration award, docket number 15 Civ. 2178 (ALC). Venezuela has argued in that case that a summary procedure is not appropriate and that OIEG must bring a plenary action under the Foreign Sovereign

2. OIEG is a corporation organized and existing under the laws of the Netherlands.

3. Defendant is the Bolivarian Republic of Venezuela, and, thus, falls under the provisions of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 et seq.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1330 and 28 U.S.C. § 1605 of the FSIA in that, (1), under 28 U.S.C. § 1605(a)(1), Venezuela waived its immunity by becoming a party to the ICSID Convention (Mar. 18, 1965, [1966] 17 U.S.T. 1291, T.I.A.S. No. 6090), and (2) under 28 U.S.C. § 1605(a)(6), because this is an action brought to confirm an award that is governed by a treaty, to wit, the ICSID Convention. This Court also has subject matter jurisdiction over this matter under 22 U.S.C. § 1650a since Plaintiff seeks to confirm an arbitration award rendered under the ICSID Convention.

5. Venue in the District of Columbia is appropriate under 28 U.S.C. § 1391(f)(4).

## THE ARBITRATION AND THE AWARD

6. On September 7, 2011, OIEG filed a Request for Arbitration with ICSID against Venezuela, ICSID Case No. ARB/11/25. The subject matter of the arbitration dealt with the expropriation of OIEG's investment projects in Venezuela.

7. The Request for Arbitration was officially registered on September 26, 2011. The arbitral tribunal was constituted on March 30, 2012, and held its first session on May 20, 2012.

8. OIEG and Venezuela filed their respective submissions on jurisdictional issues and the merits in 2012 and 2013. The ICSID tribunal convened a hearing in Paris at which testimony and arguments were heard on September 16-21, 2013. Both parties provided post-hearing submissions in November 2013. On March 4, 2015, the ICSID tribunal notified the

Immunities Act. OIEG does not agree. Nevertheless, because any action under the FSIA has to be venued in this Court, OIEG is bringing this lawsuit but does so without prejudice to OIEG's position that recognition and enforcement of ICSID arbitration awards under 22 U.S.C. § 1650a may be brought by way of a summary proceeding.

parties that the proceeding was closed in accordance with Rule 38(1) of the ICSID Arbitration Rules, signifying that the ICSID tribunal sought no further submissions from the parties.

9. On March 10, 2015, the ICSID tribunal issued a final arbitration award (the "Final Award") in OIEG's favor, finding that Venezuela expropriated OIEG's property and was therefore required to pay just compensation to OIEG.

10. The Final Award imposed pecuniary obligations on Venezuela and specifically stated the manner in which interest would be computed on both the principal amount and the award of costs and attorneys' fees.

11. Consistent with Article 54(2) of the ICSID Convention, a certified copy of the original Final Award is attached hereto as Exhibit 1. A certified English language translation of the Final Award is attached hereto as Exhibit 2.

12. The ICSID tribunal awarded (i) US$ 372,461,982 as compensation for Venezuela's expropriation, (ii) interest thereon, from October 26, 2010, through the date of payment, calculated at the LIBOR interest rate for one-year deposits in US dollars, plus 4%, compounded annually, (iii) US$ 5,750,000 for OIEG's costs and expenses in the ICSID arbitration, and (iv) interest thereon, from March 10, 2015, through the date of payment, calculated at the LIBOR interest rate for one-year deposits in US dollars, plus 4% compounded annually. As of June 30, 2016, the amount owed under the Final Award is US$ 491,081,701. This is made up of the following components:

item (i) above, US$ 372,461,982;
item (ii) above, US$ 112,503,490;
item (iii) above, US$ 5,750,000; and
item (iv) above, US$ 366,229.

The details of the interest calculation are provided in Exhibit 3 hereto.

13. No part of the Final Award has been paid.

14. As provided for in the ICSID Convention, Venezuela is seeking annulment of the Final Award before what is known as an ICSID *ad hoc* Annulment Committee. On July 17, 2015, the *ad hoc* Annulment Committee entered a provisional stay of enforcement of the Final Award. On April 4, 2016, the *ad hoc* Annulment Committee terminated that provisional stay. The *ad hoc* Annulment Committee found, *inter alia*, that there is a question of the risk of Venezuela's non-compliance with the Final Award, as Venezuela's high ranking officials had stated that Venezuela would not comply with ICSID decisions or with the ICSID Convention. *Id.* at ¶¶ 103-04. Further, the *ad hoc* Annulment Committee stated that Venezuela would not suffer irreparable harm if the provisional stay was lifted, but that OIEG could suffer prejudice if the provisional stay was maintained since "every day of delay that the Committee sanctions by way of a continuation of the Provisional Stay directly reduces the likelihood of [OIEG] being able to enforce the Award…." *Id.* at ¶¶ 122, 124.

**FIRST CAUSE OF ACTION**

**FOR RECOGNITION OF ICSID ARBITRATION AWARD PURSUANT TO 22 U.S.C. § 1650a**

15. OIEG restates and incorporates all of the foregoing paragraphs of the Complaint as if set forth fully herein.

16. The Final Award was properly issued pursuant to the ICSID Convention because the Netherlands and Venezuela were both signatories to the ICSID Convention when the parties provided their consent to submit the dispute to ICSID Arbitration.

17. The United States is a signatory to the ICSID Convention. The ICSID Convention clearly states that an ICSID award "shall be binding on the parties and shall not be subject to any appeal or to any other remedy except those provided for in this Convention." ICSID Convention,

Art. 53(1). In addition, the ICSID Convention states that "each Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State." ICSID Convention, Art. 54(1).

18. Awards issued pursuant to the ICSID Convention are subject to automatic recognition and enforcement in the United States under 22 U.S.C. § 1650a, which provides:

> (a) An award of an arbitral tribunal rendered pursuant to chapter IV of the convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. 1 et seq.) shall not apply to enforcement of awards rendered pursuant to the convention.
>
> (b) The district courts of the United States (including the courts enumerated in section 460 of Title 28) shall have exclusive jurisdiction over actions and proceedings under subsection (a) of this section, regardless of the amount in controversy.

19. An arbitration award under the ICSID Convention has been issued in OIEG's favor.

20. Accordingly, OIEG is entitled to an order recognizing such arbitral award as a judgment pursuant to 22 U.S.C. § 1650a, and entering judgment thereon in the amount of US$ 491,081,701, plus interest at the rates established by the Final Award until payment has been made in full.

## PRAYER FOR RELIEF

WHEREFORE, OI European Group B.V. respectfully requests that this Court enter judgment in favor of OI European Group B.V. and against Defendant the Bolivarian Republic of Venezuela and requests the following relief:

a. Ordering that the pecuniary obligations in the Final Award in favor of OI European Group B.V. and against Venezuela be recognized and entered as a judgment by the Clerk of this Court in the same manner and with the same force and effect as if the Final Award were a final judgment of this Court, as authorized by 22 U.S.C. § 1650a and Article 54 of the ICSID Convention;

b. Entering judgment in favor of OI European Group B.V. and against Venezuela (i) equal to the full amount of the pecuniary obligations contained in the Final Award, through June 30, 2016, in the amount of US$ 491,081,701, plus (ii) as provided in the Final Award, annual compound interest at the LIBOR interest rate for one-year deposits in US dollars, plus 4%, from July 1, 2016 up to the date when payment is made in full;

c. Awarding OIEG the costs of this proceeding, and attorneys' fees as permitted by law, in an amount to be quantified; and

d. Granting OIEG such other and further relief as this Court determines is just and proper under the circumstances.

Dated: July 27, 2016

Respectfully submitted,

/s/ Edward Baldwin
Edward G. Baldwin (Bar ID: 973850)
BAKER & McKENZIE LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006
Tel: +1 202 452 7046
Fax: +1 202 416 7042
Teddy.Baldwin@bakermckenzie.com

David Zaslowsky
BAKER & McKENZIE LLP
452 Fifth Avenue
New York, NY 10018
Tel: +1 212 891 3518
Fax: +1 212 310 1718
David.Zaslowsky @bakermckenzie.com
(*pro hac vice* pending)

*Attorneys for Plaintiff, Arbitration Award Creditor*