**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OI EUROPEAN GROUP B.V., <br><br> *Plaintiff*, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> *Defendant*. | Case No. 1:16-cv-01533-ABJ |

**PLAINTIFF'S SPECIAL STATUS REPORT**

Plaintiff, OI European Group B.V. ("OIEG") submits this special status report to advise the Court that on December 6, 2018, an ICSID *ad hoc* committee (the "Annulment Committee") "rejected in its entirety" the request by Defendant, the Bolivarian Republic of Venezuela, to annul the arbitration award that is the subject of this litigation (the "OIEG Award"). The OIEG Award was issued against the Republic on March 15, 2015, after an ICSID arbitration panel found that the Republic unlawfully expropriated OIEG's assets. A copy of the English-language version of the Annulment Committee's December 6, 2018 decision is attached as Exhibit 1. The OIEG Award is no longer subject to any further ICSID annulment or equivalent proceeding.

The Republic's efforts to delay began soon after the OIEG Award was issued. On July 7, 2015, the Republic sought annulment and a stay of the OIEG Award, basing its application, in part, on the contention that a member of the ICSID tribunal was biased. This gambit generated a provisional stay, as ICSID formed the Annulment Committee to review the application. On April 4, 2016, the Annulment Committee vacated the provisional stay.

Several months later, as the Court will recall, OIEG commenced this action, pursuant to 22 U.S.C. §1650a and Article 54 of the Convention on the Settlement of Investment Disputes between States and Nationals of Other States, to recognize the OIEG Award [Dkt. No. 1]. The Republic moved to dismiss or stay these proceedings on September 27, 2017. [Dkt. No. 23]. Exercising its discretionary power under *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), the Court stayed this action almost a year ago, on December 21, 2017, stating: "Given the pendency of proceedings to annul the very award the Court is being asked to enforce, the Court is persuaded, in an exercise of its judgment, after weighing the competing interests involved . . . that the matter should be stayed, and that the circumstances should be reviewed with regularity to avoid an unduly lengthy or indefinite stay." December 21, 2017 Minute Order.

Within the annulment proceedings themselves, the Republic wrought considerable delay throughout 2018, attacking the good faith of the committee president, withholding payment, and, on July 20, 2018, seeking yet another stay.[1] The latter request was denied on September 24, 2018.

The Annulment Decision has now reaffirmed the OIEG Award, conclusively confirming its validity and finality, and clearing the way for issuance of a judgment by this Court.[2] As confirmed by the Annulment Decision, the OIEG Award requires payment in the principal amount of $372,461,982, plus:

1. $5,750,000 in costs and expenses relating to the original arbitration proceeding; *plus*
2. $3,864,811.05 in costs and expenses relating to the Annulment Proceedings; *plus*

---

[1] See Exhibit 1, Section II (documenting delay tactics).

[2] On April 9, 2018, OIEG filed its *Motion to Modify the Stay of this Proceeding,* seeking to condition any continued stay upon the voluntary posting of a bond by the Republic. [Dkt. No. 45]. The motion remains pending and would be mooted by the issuance of a judgment.

3. Interest on items (1)-(3) and the principal amount, under the terms set out in the OIEG Award and Annulment Decision.[3]

The underlying arbitration was commenced more than seven years ago.  Almost a year ago, this Court accommodated the Republic with the opportunity to pursue annulment.  Further accommodation is not warranted, as the OIEG Award is final.  Accordingly, OIEG requests that the Court vacate its stay, deny OIEG's motion to modify as moot, deny the Republic's motion to dismiss, authorize OIEG to submit a form of proposed judgment, and enter judgment in accordance with the OIEG Award, as confirmed by the Annulment Decision.

Dated: December 10, 2018

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Susan Baker Manning*
Susan Baker Manning, Bar No. 499635
susan.manning@morganlewis.com
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:    +1.202.739.3000
Facsimile:     +1.202.739.3001

and

Sabin Willett (*pro hac vice*)
sabin.willett@morganlewis.com
Christopher L. Carter (*pro hac vice*)
christopher.carter@morganlewis.com
One Federal Street
Boston, MA 02110-1726
Telephone:    +1.617.341.7700
Facsimile:     +1.617.341.7701

*Attorneys for Plaintiff*
*OI European Group B.V.*

---

[3] Upon *vacatur* of the stay and denial of the pending motion to dismiss, OIEG will submit a proposed form of judgment setting out the calculations of attorneys' fees and interest awarded by ICSID in respect to the OIEG Award, as confirmed by the decision of the Annulment Committee.

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2018, I caused this document to be electronically filed with the Clerk of the Court of the U.S. District Court for the District of Columbia by using the CM/ECF system, which will automatically generate and serve notice of this filing to all counsel of record.  I further certify that I am not aware of any party who will not receive such notice.

Dated:  December 10, 2018

*/s/ Susan Baker Manning*
Susan Baker Manning