UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|   |   |
|---|---|
| OI European Group, B.V., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-01533-ABJ |
| | ) |
| Bolivarian Republic of Venezuela, | ) |
| | ) |
| Defendant. | ) |

_____

**DEFENDANT'S RESPONSE TO THE COURT'S ORDER REGARDING
THE STAY IN THIS PROCEEDING**

Defendant, the Bolivarian Republic of Venezuela (the "Republic"), hereby files this Response to the Court's Order dated December 11, 2018, and in support states as follows:

### INTRODUCTION

Although the ICSID *ad hoc* committee has rejected the Republic's request to annul the underlying Award, OIEG cannot proceed to enforce the Award. The only applicable law to this question is the Foreign Sovereign Immunities Act, which does not authorize the relief sought by OIEG. For these reasons, the Court should not grant OIEG's request.

### PROCEDURAL BACKGROUND

1. On the Republic's motion, the Court stayed these proceedings to enforce the underlying arbitral award pending the outcome of the Republic's efforts to annul the award. *See Court's* Minute Order dated December 21, 2017.

2. On December 10, 2018, Plaintiff OI European Group, B.V. ("OIEG") filed a status report (ECF No. 52) advising the Court that the Annulment Committee in the underlying

1

arbitration rejected the Republic's annulment application on December 6, 2018. In that status report, OIEG opines that the stay in this case should be lifted. ECF No. 52, p. 3. OIEG further proposes that the Court dismiss the Republic's pending motion to dismiss and enter judgment in favor of OIEG. *Ibid.*

      3.     The following day, the Court issued a minute order directing the Republic to advise it of "whether [the Republic] agrees the stay should be lifted." *See* Court's Minute Order, dated December 11, 2018.[1]

### ARGUMENT AND MEMORANDUM OF LAW

Despite OIEG's suggestion, there is no basis to grant the relief sought. OIEG urges a course that contradicts the Foreign Sovereign Immunities Act (the "FSIA"), binding precedent in this Circuit, and the decisions of other district courts. The Court should reject the reckless path urged by OIEG.

**I.    The FSIA applies to the granting and enforcement of any judgment in this action**

The FSIA provides the sole basis to exercise jurisdiction over a foreign state, such as the Republic. *See Bank Markazi v. Peterson*, 136 S. Ct. 1310, 1317, 194 L. Ed. 2d 463 (2016) (The FSIA "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country…") (internal quotation and citation omitted); *OBB Personenverkehr AG v. Sachs*, 136 S. Ct. 390, 393, 193 L. Ed. 2d 269 (2015) (holding the same). The Foreign Sovereign Immunities Act "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country."

---

[1] To be clear, the Republic does not object to the Court advancing to rule on the Motion to Dismiss. The decision on annulment does not change the core arguments advanced by the Republic in its Motion to Dismiss. The Republic does however maintain that anything further than a decision on the Motion Dismiss would not comply with the terms of the FSIA, as described in Section II of this Response.

Nothing in the ICSID Convention—under which OIEG brings this action—limits or modifies the scope of the FSIA.[2] Indeed, OIEG does not appear to dispute that the FSIA is the jurisdictional basis for this action. *See* ECF No. 1, ¶¶ 3-4. As explained in more detail below, the FSIA places certain limitations on when and how a judgment, once entered, may be enforced against a foreign sovereign.

Numerous courts have applied the FSIA to questions of enforcement, regardless of policy arguments made under the ICSID Convention. One salient example is the method seeking to enforce an ICSID award. In this context, the Second Circuit explained the application of the FSIA and the interaction with the ICSID Convention:

> [W]e agree that the district court erred in holding that the FSIA does not apply to the enforcement of ICSID awards against foreign sovereigns. To the contrary, the FSIA provides the sole basis for jurisdiction over Romania and sets forth the exclusive procedures for the recognition of the ICSID Award. … [T]he Petitioners were required to file a plenary action, subject to the requirements of process, to convert the Award into an enforceable judgment against Romania.

*Micula v. Gov't of Romania*, 714 Fed. App'x 18, 21 (2d Cir. 2017) (citing *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 115 (2d Cir. 2017)). The ICSID Convention supports this position. Indeed, the ICSID convention explicitly leaves the execution process up to the laws of the court where enforcement is sought. *See* ICSID Convention, art. 54(3). Following this line of reasoning, the FSIA is the only basis for seeking recognition and enforcement of any ICSID award, making the FSIA the touchstone for any analysis of enforcement.

---

[2] *See* Convention on the Settlement of Investment Disputes between States and Nationals of other States (the "ICSID Convention"), Art. 55.

**II.      This case may not proceed to enforcement until OIEG has complied with the requirements of 28 U.S.C. § 1610**

The FSIA provides strict grounds that limit any enforcement. As it relates to timing, 28 U.S.C. § 1610(c) provides the following:

> No attachment or execution…shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.

It is difficult to find a statute that speaks more clearly to the issue at hand. The statute uses direct language restricting enforcement, stating that "no attachment or execution" can proceed until "a reasonable period of time" after "the entry of judgment and the giving of notice under section 1608(e)." The statute therefore prohibits execution before the entry of a judgment, the elapse of a reasonable period of time, and any required notice under section 1608(e). None of these steps have come to pass, and any enforcement must remain suspended.

## CONCLUSION

In its current state, the Court should not lift any stay as to the enforcement of the ICSID award. The FSIA is binding and does not permit any enforcement at this point. As such, any enforcement is improper.

Respectfully Submitted,

/s/ *Quinn Smith*
Quinn Smith
quinn.smith@gstllp.com
DCD # FL0027, also admitted *Pro Hac Vice*
Diego Gosis
diego.gosis@gstllp.com
*Admitted Pro Hac Vice*
Katherine A. Sanoja
katherine.sanoja@gstllp.com
*Admitted Pro Hac Vice*
**GST LLP**
1111 Brickell Avenue
Suite 2715
Miami, Florida 33131
Telephone: (305) 856-7723
Facsimile: (786) 220-8265

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2018, I electronically filed this document with the Clerk of the Court of the U.S. District Court of the District of Columbia by using the CM/ECF system, which will automatically generate and serve notices of this filing to all counsel off record. I further certify that I am unaware of any parties who will not receive such notice.

By:   /s/ *Katherine Sanoja*
       Katherine Sanoja