**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

OI EUROPEAN GROUP B.V.,

                         *Plaintiff*,

        v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

                       *Defendant*.

Case No. 1:16-cv-01533-ABJ

**DEFENDANT BOLIVARIAN REPUBLIC OF VENEZUELA'S
EMERGENCY MOTION TO STRIKE**

Defendant Bolivarian Republic of Venezuela (the "Republic" or "Venezuela"), by its only authorized counsel, respectfully moves this Court on an emergency basis for an order striking the Stipulated Order for Final Judgment (ECF No. 56) ("Stipulation") filed on March 27, 2019 by counsel for the plaintiff and GST LLP ("GST") and Pilieromazza, PPLC ("Pilieromazza"), purporting to act on behalf of the Republic.  GST and Pilieromazza have not been engaged or authorized to act in these proceedings by the Guaidó government, the only government of Venezuela that is recognized by the United States.  Accordingly, entry into the Stipulation by GST and Pilieromazza was unauthorized and *ultra vires* and the Stipulation should be stricken from the record in this case.

**BACKGROUND**

Pursuant to article 233 of the Venezuelan Constitution, beginning on January 10, 2019, the position of President of Venezuela has been held by the President of the Venezuelan National Assembly, Deputy Juan Guaidó.  On January 23, 2019, Mr. Guaidó ratified the application of

article 233, and President Donald Trump issued a statement officially recognizing Mr. Guaidó as interim President of Venezuela and rejecting the legitimacy of the Maduro regime.[1]

In response to President Trump's recognition of President Guaidó, former president Maduro purported to expel all American diplomatic personnel from Venezuela. Secretary of State Pompeo rejected Mr. Maduro's assertion of political and diplomatic authority, stating that "[t]he United States does not recognize the Maduro regime as the government of Venezuela." He explained that "the United States maintains diplomatic relations with Venezuela and will conduct our relations with Venezuela through the government of interim President Guaidó, who has invited our mission to remain in Venezuela."[2]

On February 25, 2019, Vice President Pence reiterated the position of the United States: "President Guaidó, President Donald Trump asked me to be here today to deliver a simply message to you and to the people of Venezuela: Estamos con ustedes. We are with you 100 percent. We stand with you in America, along with all the nations gathered here today, and we will keep standing with you until democracy and your libertad are restored."[3]

To facilitate the transition to the Guaidó government, the National Assembly of Venezuela enacted the "Statute Governing the Transition to Democracy to Restore the Validity of the Constitution of the Bolivarian Republic of Venezuela" (the "Transition Statute") (Pizzurro

---

[1] The White House, Statement from President Donald J. Trump Recognizing Venezuelan National Assembly President Juan Guaidó as the Interim President of Venezuela (Jan. 23, 2019), available at https://www.whitehouse.gov/briefings-statements/statement-president-donald-j-trump-recognizing-venezuelan-national-assembly-president-juan-guaido-interim-president-venezuela/.

[2] U.S. Dep't of State, Press Statement, Continuing U.S. Diplomatic Presence in Venezuela (Jan. 23, 2019), available at: https://www.state.gov/secretary/remarks/2019/01/288545.htm.

[3] The White House, Remarks by Vice President Pence to the Lima Group, Bogota, Colombia (Feb. 25, 2019), available at https://www.whitehouse.gov/briefings-statements/remarks-vice-president-pence-lima-group-bogota-colombia/.

Decl. ¶ 3).[4]  On February 5, 2019, pursuant to the authority granted in Article 15.b of the Transition Statute, President Guaidó appointed José Ignacio Hernández as Special Attorney General of Venezuela and granted Mr. Hernández the power to appoint counsel of the Republic. (*Id.*, Ex. 1).  On February 27, 2019, the National Assembly approved the appointment of Mr. Hernández.  Afterward, on March 19, 2019, the National Assembly approved a resolution that ratified Mr. Hernández as the only person having the power to represent the Republic and appoint legal counsel in cases outside of Venezuela and also ratified the determination of the "usurpation" of Mr. Reinaldo Munoz Pedroza.  (*Id.*, Ex. 2).

Mr. Hernández engaged the undersigned today to appear on behalf of the Republic in these proceedings and to make this motion to strike.  (*Id.* ¶ 5).[5]  Mr. Hernández did not engage GST or Pilieromazza and did not authorize them to enter into or file the Stipulation.  (*Id.* ¶ 6).

## ARGUMENT

Under applicable U.S. law, President Trump's recognition of President Guaidó as the lawful President of the Republic is dispositive, and only President Guaidó or his representatives may assert the interests of the Republic in U.S. courts.

The decision of the Executive Branch to recognize a party as the rightful representative of the government of a foreign state is conclusive and binding on U.S. courts.  *See Guaranty Trust Co. v. United States*, 304 U.S. 126, 138 (1938) ("suit [on behalf of foreign state] may be maintained in our courts only by that government which has been recognized by the political department of our own government as the authorized government of the foreign state"); *Zivotofsky ex rel. Zivotofsky v. Kerry*, 135 S. Ct. 2076, 2090 (2015) ("it is for the President alone

---

[4] Citations to "Pizzurro Decl." refer to the Declaration of Joseph D. Pizzurro in Support of Defendant Bolivarian Republic of Venezuela's Emergency Motion to Strike, dated March 28, 2019, submitted herewith.

[5] Counsel is reviewing the docket in this case to determine what additional acts should be taken and may be filing additional applications in the near future.

to make the specific decision of what foreign power he will recognize as legitimate, both for the Nation as a whole and for the purpose of making his own position clear within the context of recognition in discussions and negotiations with foreign nations"); *see also* Restatement (Third) of Foreign Relations Law § 204 ("Under the Constitution of the United States the President has exclusive authority to recognize or not to recognize a foreign state or government").

And only the representatives of a government that has been recognized by the United States have standing to sue in U.S. courts or otherwise can avail themselves of the U.S. judicial system. *See Pfizer v. Government of India*, 434 U.S. 308, 319-20 (1978); *see also* Restatement (Third) of Foreign Relations Law § 205 ("[A] regime not recognized as the government of a state[] is ordinarily denied access to courts in the United States").

Moreover, where competing factions within a foreign government both seek to assert the interests of the foreign state, courts must recognize only that faction which has been recognized by the Executive Branch as rightfully representing the foreign state. *Republic of Panama v. Republic Nat. Bank of New York*, 681 F. Supp. 1066, 1073 (S.D.N.Y. 1988) ("Intervenors, purporting to represent the Republic of Panama in the name of Minister Palma, cannot be heard. The executive's refusal to recognize the Palma government deprives it of standing"); *Republic of Panama v. Air Panama Internacional, S.A.*, 745 F. Supp. 669, 675 (S.D. Fla. 1988) ("Inasmuch as Messrs. Kurzban and Gross were not retained by the Delvalle government, a question arises as to whose interests these attorneys in fact seek to represent. The Court finds that the attorneys in fact represent the interests of the Noriega/Palma regime. Thus, the Court will treat the matter of their appearance as an effort to intervene by the Noriega/Palma regime. Because the Noriega/Palma regime has not been recognized by the United States government, it has no right to appear in this Court").

Accordingly, because President Trump has recognized the Guaidó government as the only lawful government of the Republic, that recognition is binding on this Court and only representatives duly appointed by Mr. Guaidó can represent the interests of the Republic in United States courts.  Mr. Guaidó has authorized Mr. Hernández to appoint legal counsel for the Republic, and Mr. Hernández has appointed the undersigned.  Mr. Hernández has not engaged GST or Pilieromazza and did not authorize them to enter into the Stipulation.  Thus, entry into the Stipulation by these firms constitutes an *ultra vires* act and the Stipulation should be stricken from the docket.  *See Casa Express Corp. v. Bolivarian Republic of Venezuela*, 18-cv-11940 (AT) (KNF) (S.D.N.Y. Mar. 22, 2019) (ECF. No. 16) (memo endorsement granting plaintiff's request to strike from the docket a letter-motion filed by Reinaldo Munoz Pedroza purportedly as "Acting Attorney General" of the Republic).

## CONCLUSION

For the foregoing reasons, the Republic respectfully requests that the Court grant this motion to strike and strike the Stipulation from the docket.

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By:   */s/ Joseph D. Pizzurro*
Joseph D. Pizzurro
(D.C. Bar No. 468922)
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.:  (202) 452-7373
Fax:  (202) 452-7333
Email:  jpizzurro@curtis.com

*Attorneys for Defendant
Bolivarian Republic of Venezuela*