**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OI EUROPEAN GROUP B.V.,<br><br>                                          *Plaintiff*,<br><br>         v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                                          *Defendant*. | Case No. 1:16-cv-01533-ABJ |

**PLAINTIFF'S (I) RESPONSE TO DEFENDANT BOLIVARIAN REPUBLIC OF VENEZUELA'S EMERGENCY MOTION TO STRIKE AND (II) PROPOSED BRIEFING SCHEDULE**

Plaintiff OI European Group B.V. ("OIEG") submits this response to Defendant Bolivarian Republic of Venezuela's ("Venezuela") Emergency Motion to Strike the Stipulated Order for Final Judgment [Dkt. No. 58].

Having reviewed the submission, OIEG believes it is appropriate to assent to the relief requested in the motion to strike. Only the Executive Branch can recognize a foreign government. *Zivotofsky ex rel. Zivotofsky v. Kerry*, 135 S. Ct. 2076 (2015). The Executive has recognized the Guaidó government. *See* Emergency Motion to Strike at 1-2. OIEG takes no position as to which firm(s) *currently* represent that government, but in light of the dispute as to counsel's ability to enter into the Stipulated Order for Final Judgment [Dkt. No. 56], OIEG believes it will be prudent for the Court not to enter judgment on the basis of the stipulation.

That said, OIEG *also* believes that a swift termination of this action is warranted and available in a way that will not prejudice any legitimate interests of Venezuela, nor require that the Court resolve what appears to be a brewing dispute between Venezuelan factions.

1

First, all proceedings in the case, apart from the submission of the stipulated judgment, were undertaken prior to March 19, 2018, and thus prior to the substitution by Venezuela of the legal officer alleged to have assumed control of Venezuela's interests in this litigation.[1]  *See* Emergency Motion to Strike at 3.  The substitution of a new representative of the government does not give a foreign government the right to relitigate issues (any more than it gives the United States such a right in ongoing litigation upon a change in administration).  *Republic of Iraq v. ABB AG*, 768 F.3d 145, 164 (2d Cir. 2014) ("the obligations of a foreign state are unimpaired by a change in that state's government").  None of the Court's orders is subject to reconsideration merely because, *after* they were entered, Venezuela obtained new representatives.  The only development in this case affected by the recent appointment of a special attorney general is the stipulation for judgment.

Accordingly, OIEG suggests a practical solution, which should moot any disputes as to the proper representative of Venezuela.  The stipulation for judgment may be deemed withdrawn or stricken.  OIEG is today filing its motion for summary judgment, and assents to submission of a timely opposition by *either firm, to the extent it asserts substantive objections*.  Requests for delay because of the substitution lack merit, *see Republic of Iraq*, but OIEG consents to the Court's review of any other defenses.  If the Court finds that neither firm has advanced a substantive defense to summary judgment, it may enter judgment for OIEG, confident that Venezuela's rights have been fully protected.  Should summary judgment be denied, the Court would indeed have to

---

[1] The substantive motions filed to date in this proceeding were briefed long before Mr. Guaidó was recognized by the executive branch.  *See* Emergency Motion to Strike at 1.  The briefing on the Motion to Dismiss was completed by December 15, 2017.  *See* December 15, 2017 Minute Order.  The stay of this proceeding was lifted on December 18, 2018.  *See* December 18, 2018 Minute Order.   The Court's review was complete on March 8, 2019, when it issued its oral decision.

address the representation issue, but if summary judgment is granted, any lingering disputes advanced by the firms will be moot.

As this Court stated in denying Venezuela's motion to dismiss, the only remaining issue on the merits is "really whether the award exists." Hrg. Tr. (March 8, 2019) 25:22.  It does.  On March 14, 2019 (prior to the substitution by Venezuela of the legal officer with control), the parties agreed that "the remaining issues are appropriate for resolution by dispositive motion." Joint March 14, 2019 Report [Dkt. No. 55].  These facts have not changed by the recent appearance of new counsel to Venezuela.

OIEG respectfully proposes the following briefing schedule:

- OIEG's Motion for Summary Judgment:         April 1, 2019
- Venezuela's Opposition:                     April 15, 2019[2]
- OIEG's Reply:                               April 22, 2019

---

[2] As the only issue remaining in the case is the authenticity of the OIEG Award, no extension of the Local Rule 7(b) deadline is warranted.

DB1/ 103157034.1

Dated: April 1, 2019

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: _____
Susan Baker Manning, Bar No. 499635
susan.manning@morganlewis.com
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: +1.202.739.3000
Facsimile:  +1.202.739.3001

and

Sabin Willett (*pro hac vice*)
sabin.willett@morganlewis.com
Christopher L. Carter (*pro hac vice*)
christopher.carter@morganlewis.com
One Federal Street
Boston, MA 02110-1726
Telephone: +1.617.341.7700
Facsimile: +1.617.341.7701

*Attorneys for Plaintiff*
*OI European Group B.V.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2019, I caused this document to be electronically filed with the Clerk of the Court of the U.S. District Court for the District of Columbia by using the CM/ECF system, which will automatically generate and serve notice of this filing to all counsel of record, including counsel for Defendant identified below. I further certify that I am not aware of any party who will not receive such notice.

| | |
|---|---|
| Megan C. Connor<br>PILIEROMAZZA, PLLC<br>888 17th Street, NW, 11th Floor<br>Washington, DC 20006<br>Telephone: (202) 857-1000<br>Facsimile: (202) 857-0200<br>Email: mconnor@pilieromazza.com | Diego Brian Gosis (*pro hac vice*)<br>GST LLP<br>175 SW 7th Street, No. 2110<br>Miami, FL 33130<br>Telephone: (305) 856-7723<br>Facsimile: (786) 220-8265<br>Email: diego.gosis@gstllp.com |
| Paul Warren Mengel, III<br>PILIEROMAZZA, PLLC<br>888 17th Street, NW, 11th Floor<br>Washington, DC 20006<br>Telephone: (202) 857-1000<br>Facsimile: (202) 857-0200<br>Email: pmengel@pilieromazza.com | Katherine Sanoja (*pro hac vice*)<br>GST LLP<br>175 SW 7th Street, No. 2110<br>Miami, FL 33130<br>Telephone: (305) 856-7723<br>Facsimile: (786) 220-8265<br>Email: katherine.sanoja@gstllp.com |
| Joseph D. Pizzurro<br>CURTIS, MALLET-PREVOST, COLT & MOSLE LLP<br>1717 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20006<br>Telephone: (202) 452-7373<br>Facsimile: (202) 452-7333<br>Email: jpizzurro@curtis.com | Rodney Quinn Smith (*pro hac vice*)<br>GST LLP<br>175 SW 7th Street, No. 2110<br>Miami, FL 33130<br>Telephone: (305) 856-7723<br>Facsimile: (786) 220-8265<br>Email: quinn.smith@gstllp.com |

Dated: April 1, 2019

_____
Susan Baker Manning