**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

OI EUROPEAN GROUP B.V.,

*Plaintiff*,

v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

*Defendant*.

Case No. 1:16-cv-01533-ABJ

<u>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT**</u>

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

UNDISPUTED FACTS ............................................................................................................... 1

    I.   The OIEG Award ............................................................................................................ 1

    II.   The Annulment Proceedings .......................................................................................... 2

    III.  Proceedings in this Court ................................................................................................ 3

    IV.  The Motion to Strike ...................................................................................................... 3

ARGUMENT ............................................................................................................................... 4

    I.   Standard of Review ......................................................................................................... 4

    II.   Jurisdiction and Venue .................................................................................................... 5

    III.  OIEG is Entitled to Summary Judgment Recognizing its OIEG Award ......................... 5

    IV.  Post-Judgment Interest Should Accrue at the Rate Set Forth in the OIEG Award ......... 7

CONCLUSION ............................................................................................................................ 8

This is an action to recognize an arbitration award pursuant to 22 U.S.C. § 1650a and Article 54 of the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "<u>ICSID Convention</u>"), and to enter judgment thereon.  Plaintiff OI European Group B.V. ("<u>OIEG</u>") submits this memorandum in support of its motion for summary judgment.

### <u>UNDISPUTED FACTS</u>

The following facts and procedural history are undisputed, as set out in OIEG's Rule 56.1 Statement.

### I.   The OIEG Award

OIEG is a Netherlands-incorporated corporation and forms part of the Owens-Illinois group of companies that operates glass contained factories throughout the world – including, formerly, in Venezuela.  Declaration of Christopher L. Carter ("<u>Carter Decl.</u>") Ex. 2 ¶¶ 86-87. OIEG commenced an arbitration (the "<u>OIEG Arbitration</u>") against Venezuela with ICSID on September 7, 2011, pursuant to the Netherlands-Venezuela Bilateral Investment Treaty ("<u>BIT</u>"), which establishes a right to ICSID arbitration for claims of expropriation and other treaty violations for investors from both the Netherlands and Venezuela.  *Id*. at ¶¶ 7, 270.  On March 10, 2015, an arbitral tribunal issued its unanimous award (the "<u>OIEG Award</u>") in OIEG's favor, finding, *inter alia*, that Venezuela expropriated OIEG's interests and was therefore required to pay just compensation to OIEG.  *Id.* at ¶¶ 426, 560.  The ICSID Tribunal concluded that OIEG "is entitled to compensation in the amount of USD 372,461,982 for the expropriation."  *Id.* at ¶ 881. Venezuela also was ordered to pay OIEG post-expropriation interest calculated from October 26, 2010, and $5.75 million in legal costs.  *Id*. at ¶¶ 953, 976.

A true copy of the award is attached as Exhibit 1 to the Carter Declaration.  A certified English translation of the award is attached as Exhibit 2 to the Carter Declaration.  In accordance

with Article 53 of the ICSID Convention, the OIEG Award became "binding on the parties" from the moment of its rendering.  Carter Decl. Ex. 4, Art. 53.

Venezuela has conceded the award's authenticity.  Motion to Dismiss the Complaint or Stay the Proceedings, Dkt. No. 23 at 3 ("On or about March 12, 2015, the ICSID Tribunal in the OIEG Arbitration, composed of three arbitrators, rendered its award (the 'OIEG Award').");  Declaration of Diego Brian Gosis in Support of Motion to Dismiss Complaint to Recognize ICSID Arbitration Award and Motion to Stay Proceedings, Dkt. No. 23-1 at ¶ 3 ("In the ICSID arbitration proceeding, *OI European Group B.V. v. Bolivarian Republic of Venezuela*, ICSID Case No. ARB/11/25 . . . the tribunal rendered the OIEG Award on or about March 10, 2015, purporting to grant the investor, OI European Group B.V. ('OIEG'), certain rights to damages.");  Joint February 2, 2018 Status Report, Dkt. No. 40 ("On March 10, 2015, an ICSID tribunal issued an award (the 'OIEG Award') in favor of OIEG against Venezuela in the amount of $372,461,982 (plus interest and legal costs).").

## II.    The Annulment Proceedings

Venezuela sought to annul the OIEG Award, and on December 6, 2018, its request was denied.  Carter Decl. Ex. 3.  An annulment committee reaffirmed the OIEG Award, requiring payment to OIEG by Venezuela of the following:

- $372,461,982 in principal amount, plus interest from October 26, 2010 until payment in full calculated at a LIBOR interest rate for one-year deposits in U.S. dollars, plus a margin of 4%, with annual compounding of accrued interest; *plus*

- $5,750,000 in costs and expenses relating to the original arbitration proceeding, plus interest from March 10, 2015 until payment in full calculated at a LIBOR interest rate for one-year deposits in U.S. dollars, plus a margin of 4%, with annual compounding of accrued interest; *plus*

- $3,864,811.05 in costs and expenses relating to the annulment proceeding, plus interest from December 6, 2018 until payment in full calculated at a LIBOR interest

rate for one-year deposits in U.S. dollars, plus a margin of 4%, with annual compounding of accrued interest.

Carter Decl. Ex. 2 ¶ 984; Carter Decl. Ex. 3 ¶¶ 5, 398.[1]

### III.     Proceedings in this Court

OIEG filed this action on July 27, 2016.  Dkt. No. 1.  Venezuela moved to dismiss or stay on September 27, 2017.  Dkt. No. 23.  This Court stayed this action on December 21, 2017, and lifted the stay on December 18, 2018.  Minute Orders of December 21, 2017 and December 18, 2018.  On March 8, 2019, this Court denied Venezuela's motion to dismiss, March 8, 2019 Minute Order, observing that the only remaining issue on the merits is "really whether the award exists." Hrg. Tr. (March 8, 2019) 25:22.  On March 14, 2019, the parties agreed that "the remaining issues are appropriate for resolution by dispositive motion."  Joint March 14, 2019 Report [Dkt. No. 55].

On March 27, 2019, the parties filed a Stipulated Order for Final Judgment (the "Stipulation"), Dkt. No. 56, confirming the enforceability of the OIEG Award and requesting that this Court so-order the stipulation and enter final judgment in favor of OIEG.

### IV.     The Motion to Strike

On March 28, 2019, the Curtis Mallet firm appeared, asserting that it represents Venezuela, and filed an Emergency Motion to Strike.  [Dkt. No. 58].  In the Motion to Strike, Venezuela noted that on March 19, 2019 – after this Court's ruling on the motion to dismiss and the parties' agreement that the remaining issues are appropriate for resolution by dispositive motion – the National Assembly approved a resolution that ratified Mr. Jose Ignacio Hernandez as "Special Attorney General" of Venezuela and recognized him "as the only person having the power to represent [Venezuela] and appoint legal counsel in cases outside of Venezuela."  Motion to Strike

---

[1] Pursuant to Article 53(2) of the ICSID Convention, the Annulment Decision was incorporated into the OIEG Award to constitute the full and final award in this case.

at 3.  OIEG responded to the motion by agreeing that the Court should not enter judgment on the basis of the stipulation.   Only the Executive Branch can recognize a foreign government. *Zivotofsky ex rel. Zivotofsky v. Kerry*, 135 S. Ct. 2076 (2015).  The Executive has recognized the Guaidó government.  *See* Motion to Strike at 1-2.

OIEG now understands that the two firms purporting to represent Venezuela dispute each other's position, but believes that contest immaterial to the issues before the Court, as a straightforward resolution is available through Rule 56.  All prior proceedings in the case, apart from the submission of the stipulated judgment, were undertaken prior to March 19, 2018, and thus prior to the substitution by Venezuela of the legal officer with control.  *See id.* at 3.  The substitution of a new representative of the government does not give a foreign government the right to relitigate issues (any more than it gives the United States upon a change in administration). *Republic of Iraq v. ABB AG*, 768 F.3d 145, 164 (2d Cir. 2014) ("the obligations of a foreign state are unimpaired by a change in that state's government").  Even if the question as to who is to speak for Venezuela is more nuanced, the Court need not reach it.  OIEG proposes that the Court review OIEG's motion for summary judgment, and consider any *substantive* defenses (that is, defenses other than requests for delay) offered by *either firm*.  If the Court finds that neither firm has advanced a substantive defense to summary judgment, it may confidently enter judgment for OIEG, which should moot the internecine dispute.

## ARGUMENT

### I.   Standard of Review

"[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b).  Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "The Court's role . . . is not to determine the truth of

the matter, but instead to decide only whether there is a genuine issue of material fact for trial" and a "fact is material if it might affect the outcome of the suit under the governing law." *Drasek v. Burwell*, 121 F. Supp. 3d 143, 152 (D.D.C. 2015) (internal quotations omitted); *see Barnett v. PA Consulting Grp., Inc.*, 715 F.3d 354, 358 (D.C. Cir. 2013). To survive a motion for summary judgment, Venezuela, as the non-moving party, would have to show evidence that "the [fact-finder] could reasonably find" in its favor. *Drasek*, 121 F. Supp. 3d at 152. It cannot do so.

## II.    Jurisdiction and Venue

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1330 and 28 U.S.C. § 1605 of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq. Under 28 U.S.C. § 1605(a)(1), Venezuela waived its sovereign immunity by becoming a party to the ICSID Convention. In addition, jurisdiction lies because this is an action brought to confirm an award governed by a treaty, the ICSID Convention. 28 U.S.C. § 1605(a)(6). This Court also has subject matter jurisdiction over this matter under 22 U.S.C. § 1650a because OIEG seeks to confirm an arbitration award rendered under Chapter IV of the ICSID Convention. Venue is lodged here under 28 U.S.C. § 1391(f)(4).

## III.   OIEG is Entitled to Summary Judgment Recognizing its OIEG Award

An ICSID award "shall be binding on the parties and shall not be subject to any appeal or to any other remedy except those provided for in this Convention." Carter Decl. Ex. 4 (ICSID Convention), Art. 53(1). The ICSID Convention states:

> Each Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State. A Contracting State with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state.

Carter Decl. Ex. 4 (ICSID Convention), Art. 54(1).  Congress directed that awards issued pursuant to the ICSID Convention *shall be* recognized and enforced in the United States, as a Contracting State, under 22 U.S.C. § 1650a:

> (a) An award of an arbitral tribunal rendered pursuant to chapter IV of the convention shall create a right arising under a treaty of the United States.  The pecuniary obligations imposed by such an award **shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States.**  The Federal Arbitration Act (9 U.S.C. 1 et seq.) shall not apply to enforcement of awards rendered pursuant to the convention.

(emphasis added).  ICSID awards are thus entitled to full faith and credit, *see TECO Guat. Holdings, LLC v. Guat.*, No. 17-102, 2018 WL 4705794, *2 (D.D.C. Sept. 30, 2018), and disputes related to an ICSID award may be raised only within the ICSID system.  *See*, *e.g.*, *Micula v. Gov't of Romania*, 104 F. Supp. 3d 42, 45 (D.D.C. 2015) (ICSID "decisions are final and are subject to review only within ICSID itself"); *Duke Energy Int'l Peru Investments No. 1 Ltd. v. Republic of Peru*, 904 F. Supp. 2d 131, 133 (D.D.C. 2012) ("The legal standards governing judicial review of arbitration awards are not complicated.  As the Court previously noted, such review is limited by design.") (internal quotations omitted).  As the Court noted in *Duke Energy*, the court is "*required by statute to give the Award full faith and credit and confirm it accordingly.*"  904 F. Supp. 2d at 133 (emphasis in original).

Article 54(2) of the ICSID Convention requires only that "[a] party seeking recognition or enforcement in the territories of a Contracting State shall furnish to a competent court . . . a copy of the award certified by the Secretary-General."  Carter Decl. Ex. 4 (ICSID Convention), Art. 54(2).  Venezuela has conceded the award's authenticity,[2] and OIEG provided this Court with such

---

[2] See *supra* at 2.

a certified copy of the OIEG Award. *See* Complaint Ex. 1; Carter Decl. Ex. 1; *see also Miminco v. Dem. Rep. Congo*, 79 F. Supp. 3d 213, 216 (D.D.C. 2015) ("[B]y filing a certified copy of the award, Petitioners have complied with the requirements of Article 54(2) of the ICSID Convention."). With this requirement met, there is no defense to enforcement, and summary judgment is warranted. *See*, *e.g.*, *Duke Energy*, 904 F. Supp. 2d at 132-33 (confirming petition to enforce ICSID award against the Republic of Peru); *Miminco*, 79 F. Supp. at 220 (confirming petition to enforce ICSID award against Democratic Republic of the Congo).

## IV.    Post-Judgment Interest Should Accrue at the Rate Set Forth in the OIEG Award

Because the OIEG Award was rendered pursuant to chapter IV of the ICSID Convention, the federal judgment rate set out in 28 U.S.C. § 1961, ordinarily applicable to judgments of this Court as to post-judgment interest, does not apply here. Here, as a matter of treaty and statute, arbitration awards are to be enforced according to their terms. 17 U.S.T. 1270, T.I.A.S. No. 6090; 22 U.S.C. § 1650a; *see Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela ("Mobil II")*, 2015 WL 926011, at *2 (S.D.N.Y. Mar. 4, 2015).[3] The award expressly directs that interest on the award accrues until "*the date of actual payment*, calculated at a LIBOR interest rate for one-year deposits in US dollars, plus a margin of 4%, with annual compounding of accrued interest." Carter Decl. Ex. 2 ¶ 984 (emphasis added). Fidelity to the treaty requires that this provision be enforced. Where an ICSID panel awards post-award interest until payment, "a federal court must

---

[3] *Mobil II* addressed a motion by Venezuela to amend the judgment entered against it in *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela ("Mobil I")*, 87 F. Supp. 3d 573 (S.D.N.Y. 2015). *Id.* The judgment entered in *Mobil I* was ultimately reversed on appeal on jurisdictional grounds, but the appeals court did not reach the question of post-judgment interest. *See Mobil Cerro Negro, Limited v. Bolivarian Republic of Venezuela ("Mobil III")*, 863 F.3d 96 (2d Cir. 2017). Following *Mobil III*, the United States District Court for the Southern District of New York dismissed the plaintiff's petition for lack of jurisdiction. *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, Case No. 14-08163 (S.D.N.Y. Dec. 4, 2017) [Dkt. No. 104].

recognize and enforce that pecuniary term.  Any other reading of the Court's obligations would flout the plain language of the enabling statute." *Mobil*, 2015 WL 926011, at *2.

## CONCLUSION

OIEG requests that the Court enter a judgment confirming and enforcing the award, in the form submitted with the motion, and that it be granted such other and further relief as is just and proper.

Dated: April 1, 2019

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: _____
Susan Baker Manning, Bar No. 499635
susan.manning@morganlewis.com
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: +1.202.739.3000
Facsimile:  +1.202.739.3001

and

Sabin Willett (*pro hac vice*)
sabin.willett@morganlewis.com
Christopher L. Carter (*pro hac vice*)
christopher.carter@morganlewis.com
One Federal Street
Boston, MA 02110-1726
Telephone: +1.617.341.7700
Facsimile: +1.617.341.7701

*Attorneys for Plaintiff*
*OI European Group B.V.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2019, I caused this document to be electronically filed with the Clerk of the Court of the U.S. District Court for the District of Columbia by using the CM/ECF system, which will automatically generate and serve notice of this filing to all counsel of record, including counsel for Defendant identified below.  I further certify that I am not aware of any party who will not receive such notice.

Megan C. Connor
PILIEROMAZZA, PLLC
888 17th Street, NW, 11th Floor
Washington, DC 20006
Telephone: (202) 857-1000
Facsimile: (202) 857-0200
Email: mconnor@pilieromazza.com

Diego Brian Gosis (*pro hac vice*)
GST LLP
175 SW 7th Street, No. 2110
Miami, FL 33130
Telephone: (305) 856-7723
Facsimile: (786) 220-8265
Email: diego.gosis@gstllp.com

Paul Warren Mengel, III
PILIEROMAZZA, PLLC
888 17th Street, NW, 11th Floor
Washington, DC 20006
Telephone: (202) 857-1000
Facsimile: (202) 857-0200
Email: pmengel@pilieromazza.com

Katherine Sanoja (*pro hac vice*)
GST LLP
175 SW 7th Street, No. 2110
Miami, FL 33130
Telephone: (305) 856-7723
Facsimile: (786) 220-8265
Email: katherine.sanoja@gstllp.com

Joseph D. Pizzurro
CURTIS, MALLET-PREVOST, COLT &
MOSLE LLP
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 452-7373
Facsimile: (202) 452-7333
Email: jpizzurro@curtis.com

Rodney Quinn Smith (*pro hac vice*)
GST LLP
175 SW 7th Street, No. 2110
Miami, FL 33130
Telephone: (305) 856-7723
Facsimile: (786) 220-8265
Email: quinn.smith@gstllp.com

Dated:  April 1, 2019

_____
Susan Baker Manning

DB1/ 103150132.3