UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OI European Group, B.V., <br><br> Plaintiff, <br><br> v. <br><br> Bolivarian Republic of Venezuela, <br><br> Defendant. | Case No. 1:16-cv-01533-ABJ |

**MOTION FOR RECONSIDERATION OF THIS COURT'S MINUTE ORDER
ENTERED ON APRIL 2, 2019**

Defendant, the Bolivarian Republic of Venezuela (the "Republic"), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, moves for reconsideration of this Court's Minute Order of April 2, 2019 ("Minute Order"), and in support states as follows:

**PROCEDURAL BACKGROUND**

After appearing before this Court on March 8, 2019, representatives of OIEG and representatives of the Republic engaged in negotiations and in good faith reached a Stipulation of Final Judgment (the "Stipulation") in this matter on March 27, 2019. *See* ECF No. 56. A day after the parties field the Stipulation, the law firm Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis") entered an appearance purportedly on behalf of the Republic. *See* ECF No. 57. On that same day, Curtis filed an Emergency Motion to Strike the Stipulation ("Motion to Strike"), allegedly on behalf of the Republic. *See* ECF No. 58. Curtis did not move this Court to substitute as counsel for the Republic. To this date, GST LLP continues as counsel for the Republic in this and other matters.

1

A few days after the Motion to Strike was filed, on April 1, 2019, this Court entered a minute order providing a deadline of April 15, 2019 for any response to the motion to strike. *See* ECF No. 58. That same day, OIEG filed a response to the Motion to Strike [ECF No. 59] and simultaneously filed a Motion for Summary Judgment [ECF No. 60], an accompanying memorandum of law [ECF No. 61] and a proposed motion for Order granting Plaintiff's Motion for Summary Judgment [ECF No. 62]. The next day, this Court entered the Minute Order granting the Motion to Strike and ordering the Republic to file its opposition to the Motion for Summary Judgment by April 15, 2019. Curtis still has not filed a Motion for Substitution of Counsel, and it is unclear if such a motion will ever be filed.

## MEMORANDUM OF LAW

Rules 59 and 60 of the Federal Rules of Civil Procedure generally govern requests of relief from a judgment or order, including corrections or amendments. *See* Fed. R. Civ. P. 59 and 60. Federal Rule of Civil Procedure 60(a) generally provides relief where the record demonstrates an error that is "merely clerical" or "mechanical in nature." *See, e.g., Britt v. Whitmire,* 956 F.2d 509, 512 (5th Cir. 1992). Clerical errors have been found to specifically refer to an "error of transcription, copying or calculation." *See Int'l Corp. Enterprises, Inc. v. Toshoku Ltd.*, 71 F.R.D. 215, 218 (N.D. Tex. 1976). Courts, however, have found that this rule does not apply to an error of "substantive judgment" or "an error that affects substantial rights of the parties." *Brit,* 956 F.2d at 512. Rule 60(b) also provides for relief from a final judgment under certain specified circumstances. Fed. R. Civ. P. 60(b)(1)-(6).

Rule 59(e) permits a court to alter or amend a judgment and is "aimed at reconsideration." *See, e.g., In re Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceedings,* 286 F. Supp. 3d. 1, 5 (D.C.C. 2017). Therefore, a "motion to

reconsider is to be treated as a Rule 59(e) motion if filed within 10 days of the challenged order and as a Rule 60(b) motion if filed thereafter." *See, e.g., Degrafinreid v. Ricks,* 452 F. Supp. 2d 328, 331 (S.D.N.Y) (internal citations omitted). It has thus become universally accepted that, "regardless of its label, any motion made within ten days of an entry of judgment will be considered a Fed. R. Civ. P. 59(e) motion." *Maxus Energy Corp. and Subsidiaries v. United States,* 31 F.3d 1135, 1139 (Fed. Cir. 1994).

Under Rule 59(e), a Court may amend a prior judgment or order when there is an "intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice." *See, e.g., Firestone v. Firestone,* 76 F.3d 1205, 1208 (DC Cir. 1996). A clear error could be a factual or legal error. *See, e.g., Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Authority,* 814 F. Supp. 1072 (M.D. Fla. 1993); *Ruscavage v. Zuratt,* 831 F. Supp. 417, 418 (E.D. Pa. 1993).

In this case, there appears to have been a mixed error of law and fact. First, the Minute Order appears to have been entered on the assumption that both parties agreed that the Motion to Strike was appropriate. This may have stemmed from an assumption that Curtis was properly before this court as the attorney for the Republic. While Curtis filed a notice of appearance, that notice of appearance had no effect on the current representation of the Republic by GST LLP. GST LLP continues to represent the Republic, as reflected by the record of this case. An attorney from GST LLP signed the Stipulation, making that firm the one that had adequately provided the consent necessary to make the Stipulation effective. There was no consent by GST LLP for the substitution of counsel, nor any request and subsequent order granting Curtis the authority to substitute as attorney for the Republic. Without substitution of counsel, there was no proper permission by the

3

Republic to the filing of the Motion to Strike, which this Court granted in the Minute Order that is the subject of this Motion.

Proper practice and procedure required Curtis to move to substitute as counsel for the Republic and indicate in such motion whether it is unopposed or not.[1] A party remains represented by current counsel until such time as the court rules on a motion for substitution of counsel. *See, e.g., United States v. Wilson,* Case No. 08-CR-00114, 2018 WL 4388440 (E.D. Cal. Sept. 13, 2018). Courts have the discretion to deny or grant motions for substitution of an attorney as well as motions to withdraw. *See, e.g., United States v. Scavia,* Case No. 91-50681, 980 F. 2d 740, 1992 WL 349039 (9th Cir. Nov. 24, 1992) (dismissing appeal from a denial of the substitution motion).

In light of this practice and procedure, Curtis is not properly before this Court as counsel for the Republic. Curtis has not properly substituted current counsel and current counsel remains in place until such time as the Court rules on a motion to substitute or a motion to terminate/withdraw. It is unknown if Curtis plans to file a motion for substitution, but it has had over a week to do so, much the same way as Arnold & Porter has filed a motion for substitution in at least one other case. As a result, this Court cannot give proper consideration of the submissions Curtis purported to file on behalf of Republic, including the Motion to Strike this Court granted through the Minute Order.

In light of the above, the Republic respectfully requests that this Court reconsider its Minute Order of April 2, 2019 and amend it to deny the Motion to Strike [ECF No. 56] as Mr. Pizzurro is not properly authorized before this Court to represent the Republic.

---

[1] US Court provides for a form for Substitution of Attorney, Form Number AO 154, available at https://www.uscourts.gov/forms/attorney-forms/substitution-attorney.

Respectfully submitted,

*/s/ Quinn Smith*

**GST LLP**
Rodney Quinn Smith
DCD Bar No. 00027
e-mail: quinn.smith@gstllp.com
Katherine A. Sanoja
DCD Bar No. 1019983
e-mail: katherine.sanoja@gstllp.com
1111 Brickell Avenue, Suite 2715
Miami, Florida 33131
(T) (305) 856-7723
(F) (786) 220-8265

6

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 4, 2019, I electronically filed this document with the Clerk of the Court of the U.S. District Court of the District of Columbia by using the CM/ECF system, which will automatically generate and serve notices of this filing to all counsel off record. I further certify that I am unaware of any parties who will not receive such notice.

      By:   /s/ *Katherine Sanoja*
                Katherine Sanoja