# EXHIBIT A

*test 198 d*
*BUCHWALD, J*

**DOC # 45**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x
    :
In the Matter of the Application of    :
    :
SEMPRA ENERGY INTERNATIONAL,   :
    :
    Arbitration Award Creditor,   :
    :
For Recognition and Enforcement of an Arbitration :
Award    :
    :
    - against -   :
    :
ARGENTINE REPUBLIC,   :
    :
    Arbitration Award Debtor.   :
- - - - - - - - - - - - - - - - - - - - - - - - - x

No. M-82

**ORDER AND JUDGMENT**

# 072167

NOV 1 5 2007

On reading the Affidavit of C. MacNeil Mitchell, sworn to on November 14, 2007; and

Exhibit "1" thereto, being a certified copy of the Award in Case No. ARB/02/16 (the "Award")

issued by an arbitral tribunal duly convened and constituted under the Bilateral Investment

Treaty between Argentina and the United States, which came into force on October 20, 1994 (the

"US-Argentina BIT") and the Convention On The Settlement Of Investment Disputes Between

States And Nationals Of Other States, which came into force on October 14, 1966 ("ICSID

Convention"), which Award was issued on September 28, 2007; and it appearing that Arbitration

Award Creditor, Sempra Energy International ("Sempra"), is entitled to immediate recognition

and enforcement of the pecuniary obligations of the Award in its favor in accordance with the

provisions of Articles 53 and 54 of Section 6 of the ICSID Convention, as enabled by 22 U.S.C.

§1650a;

Now upon the motion of Winston & Strawn LLP, attorneys for Sempra, it is

ORDERED that the annexed pecuniary obligations in the Award in favor of Sempra and

against Arbitration Award Debtor, Argentine Republic ("Argentina"), be recognized and entered

as a judgment by the Clerk of this Court in the same manner and with the same force and effect

as if the Award were a final judgment of this Court; and it is further

ORDERED, ADJUDGED and DECREED that, in accordance with the pecuniary

obligations contained in the aforementioned Award, Arbitration Award Creditor, Sempra Energy

International, do recover from Arbitration Award Debtor, Argentine Republic, the principal sum

of ONE HUNDRED TWENTY EIGHT MILLION TWO HUNDRED FIFTY THOUSAND

FOUR HUNDRED SIXTY-TWO and 00/100 DOLLARS and ($128,250,462.00), together with

pre-Award interest as provided in the Award at the six month successive LIBOR rate plus two

percent for each year, or proportion thereof, beginning on January 1, 2002 up to and until

September 28, 2007, the date the Award was rendered, constituting pre-Award interest of

$44,887,661.70, amounting in all to the total Award sum of $173,138,123.70, ~~together with post-~~

~~Award pre-judgment interest on such Award sum from September 28, 2007 until the date of this~~

~~Order and Judgment in the amount of $————————————————, making a total~~

~~judgment amount of $————————————————~~ ,with post-judgment interest on the said

judgment amount thereafter until payment in full, in accordance with 28 U.S.C. § 1961, and that

Sempra have immediate execution therefore without regard to the 10-day stay contained in Rule

62(a) Fed. R. Civ. P.; and it is further

ORDERED, ADJUDGED and DECREED that this judgment may be supplemented on motion supported by an affidavit to the extent that Argentina should incur additional pecuniary obligations as contemplated on page 139, ¶ 2 of the Award.

Dated:  New York, New York
        November __, 2007

United States District Judge

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**DOC #  46**

In the Matter of the Application of

ENRON CORP. and
PONDEROSA ASSETS L.P.,                                    No. M-82

    Arbitration Award Creditors, :            **ORDER AND JUDGMENT**

For Recognition and Enforcement of an Arbitration :
Award

    - against -

ARGENTINE REPUBLIC,

    Arbitration Award Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - x

On reading the Affidavit of Calvin KY Chan, sworn to on November 19, 2007; and

Exhibit "1" thereto, being a certified copy of the Award in Case No. ARB/02/16 (the "Award")

issued by an arbitral tribunal duly convened and constituted under the Bilateral Investment

Treaty between Argentina and the United States, which came into force on October 20, 1994 (the

"US-Argentina BIT") and the Convention On The Settlement Of Investment Disputes Between

States And Nationals Of Other States, which came into force on October 14, 1966 ("ICSID

Convention"), which Award was issued on September 28, 2007; and it appearing that Arbitration

Award Creditors, Enron Corp. ("Enron") and Ponderosa Assets L.P. ("Ponderosa"), are entitled

to immediate recognition and enforcement of the pecuniary obligations of the Award in their

favor in accordance with the provisions of Articles 53 and 54 of Section 6 of the ICSID

Convention, as enabled by 22 U.S.C. §1650a;

Now upon the motion of King & Spalding LLP, attorneys for Enron and Ponderosa, it is ORDERED that the annexed pecuniary obligations in the Award in favor of Enron and Ponderosa against Arbitration Award Debtor, the Argentine Republic ("Argentina"), be recognized and entered as a judgment by the Clerk of this Court in the same manner and with the same force and effect as if the Award were a final judgment of this Court; and it is further

ORDERED, ADJUDGED and DECREED that, in accordance with the pecuniary obligations contained in the aforementioned Award, Arbitration Award Creditors, Enron Corporation and Ponderosa Assets L.P., do recover from Arbitration Award Debtor, the Argentine Republic, the principal sum of ONE HUNDRED SIX MILLION TWO HUNDRED THOUSAND and 00/100 DOLLARS ($106,200,000.00) and, together with pre-Award interest as provided in the Award at the six-month average LIBOR rate plus two percent for each year, or proportion thereof, beginning on January 1, 2002, up to and until May 22, 2007, the date the Award was rendered, constituting pre-Award interest of THIRTY-TWO MILLION SEVEN HUNDRED THIRTY-SIX THOUSAND TWO HUNDRED AND 00/100 DOLLARS ($32,736,200.00), amounting in all to the total Award sum of ONE HUNDRED THIRTY-EIGHT MILLION NINE HUNDRED THIRTY-SIX THOUSAND TWO HUNDRED AND 00/100 DOLLARS ($138,936,200.00), together with post-judgment interest on the said judgment amount thereafter until payment in full, in accordance with 28 U.S.C. § 1961. ~~and that Enron and Ponderosa have immediate execution thereof without regard to the 10-day stay contained in Rule 62(a) Fed. R. Civ. P.~~

Dated:  New York, New York
       November 20 , 2007

_United States District Judge_

**THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON** _____

# EXHIBIT C

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____             │
│ DATE FILED: 8/7/12               │
└─────────────────────────────────┘
```

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ALDO VERA, JR.,**
**as Personal Representative of the Estate of Aldo Vera,
Sr.,**

        **Plaintiff,**

v.

**THE REPUBLIC OF CUBA,**

        **Defendant.**

**12 Civ. 1596 (AKH)**

**JUDGMENT**

#12,1520

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

     AND NOW, this 17 day of _____, 2012, upon Plaintiff's Motion for Default

Judgment against the Republic of Cuba, it appearing that (a) Cuba was served with the Summons

and Complaint on April 24, 2012 pursuant to 28 U.S.C. § 1608(a)(3), (b) Cuba failed to answer

or otherwise move in response to the Complaint within 60 days of service, (c) the Clerk of the

Court entered a Certificate of Default against Cuba on June 27, 2012, (d) Cuba was served with

Plaintiff's Motion but has not responded thereto, (e) this Court has subject matter jurisdiction

pursuant to 28 U.S.C. § 1331 and 1602 *et seq.*, (f) Plaintiff's Florida Judgment of May 15, 2008

is entitled to full faith and credit in this Court pursuant to 28 U.S.C. § 1738, and (g) Plaintiff has

established his right to relief pursuant to 28 U.S.C. § 1608(e) except that 28 U.S.C. § 1606

prohibits this Court from entering punitive damages against a foreign sovereign; the Motion is

GRANTED pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

     IT IS ORDERED, ADJUDGED AND DECREED that judgment is entered in favor of

plaintiff Aldo Vera, Jr., as Personal Representative of the Estate of Aldo Vera, Sr., and against

nydocs1-988214.1

the defendant Republic of Cuba in the amount of FORTY-FIVE MILLION FIVE HUNDRED

SEVENTY-NINE THOUSAND FIVE HUNDRED NINETY-ONE and 22/100 DOLLARS 

($45,579,591.22) together with interest at ~~11%~~ *The federal rate* from May 15, 2008 to the date in the amount of

$ _3,767,122.00_ , totaling $ _49,346,713.22_.

    The Clerk is directed to send a copy of this Judgment in both English and Spanish to the

defendant Republic of Cuba in accordance with 28 U.S.C. § 1608(a)(3).  Plaintiff's counsel shall

furnish the Clerk with a Spanish translation of this Judgment.

BY THE COURT:

_____

Alvin K. Hellerstein
United States District Judge

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 08-20197-CIV-JORDAN

JEANNETTE HAUSLER and THOMAS          )
CASKEY                                )
                                      )
            Plaintiffs                )
                                      )
vs.                                   )
                                      )
THE REPUBLIC OF CUBA et. al.          )
                                      )
            Defendants                )
_____

### Final Default Judgment Granting Full Faith & Credit to State Judgment

The plaintiffs' motion for final default judgment [D.E. 36] is GRANTED.

Pursuant to 28 U.S.C. § 1738, full faith and credit, and federal recognition, is given to the Amended Final Judgment Dated January 19, 2007, in *Hausler et al. v. Republic of Cuba et al.,* No. 02-12475 (Div. 04), Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, which awarded the plaintiffs 400 million dollars in damages against the defendants, and bore interest at the rate of 9% per annum under Florida law until satisfied.

Given that the Amended Judgment has not been satisfied, interest on the judgment (at the rate of 9%) stands at 54 million dollars as of July 19, 2008. The Amended Judgment is therefore now 400 million dollars in damages, plus 54 million dollars in interest, in favor of the plaintiffs and against the defendants.

The Amended Judgment will bear post-judgment interest from today at the rate set by 28 U.S.C. § 1961.

This case is closed.

DONE and ORDERED in chambers in Miami, Florida, this 28th day of July, 2008.

_____
Adalberto Jordan
United States District Judge

Copy to:       All counsel of record