UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OI European Group, B.V., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:16-cv-01533-ABJ |
| Bolivarian Republic of Venezuela, | ) |
| Defendant. | ) |

**MOTION FOR SUBSTITUTION OR JOINDER OF
THE THIRD-PARTY IN INTEREST**

Defendant, the Bolivarian Republic of Venezuela (the "Republic"), pursuant to Rule 25(c) of the Federal Rules of Civil Procedure, moves for the substitution or joinder of the real-party, and in support states as follows:[1]

**BRIEF PROCEDURAL BACKGROUND**

On September 27, 2017, the Republic filed its Motion to Dismiss alleging among many other grounds that OIEG was not the real party in interest, and therefore lacked standing to bring this suit. ECF No 23. On March 8, 2019, this Court ruled (the "Ruling") that OIEG could bring the suit and that Rule 25(c) rather than Rule 17 applied because the transfer of the interest occurred after the suit was filed. Transcript of Status Conference and Ruling ("Hr. Tr'g.") 13:11-14. In that same Ruling, this Court also stated that "since there's no motion to substitute or join

---

[1] As counsel to the Republic, GST LLP certainly understands the position taken by Curtis, Mallet-Prevost, Colt & Mosle ("Curtis"). By filing this motion, GST LLP is at least preserving Venezuela's right to file, pending a ruling of the Motion for Reconsideration. If GST LLP were to file nothing today, Venezuela could lose a valuable procedural right, which cannot be the result of the relief sought by Curtis.

1

the third party, OIEG may maintain the action." Hr. Tr'g. 14:25-15:1. After the Ruling, the Republic announced its intent to seek to substitute or join in the third party due to the uncertainties surrounding the terms of the transfer of interest in the Award. Hr. Tr'g. 27:1-12. The Court stated that under the Rules, the Republic had the right to request substitution or joinder of the third party under Fed. R. Civ. P. 25(c). Hr. Tr'g. 29:11-13. This motion follows.

The Republic must briefly address the issue of service. *See* Fed. R. Civ. P. 25(c) ("The motion must be served as provided in Rule 25(a)(3)"). Because the Republic has no information as to the identity of the third-party, it cannot even begin to find the necessary contact information to conduct a diligent search in hopes of serving the third-party. The Republic does not want to belabor the issue by seeking discovery. Instead, the Republic requests that the Court require OIEG to provide a copy of this motion to the third-party. The two share a common interest, and OIEG can certify that it has provided the third-party with a copy. Should this solution prove objectionable to OIEG, then the Republic will have no choice but to seek leave to file a limited number of interrogatories on OIEG. The Republic wants to avoid this result.

## MEMORANDUM OF LAW

Rule 25(c) governs situations where the interest was transferred after the commencement of the action, and permits that "the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Courts have generally found that it is well within their discretion to allow substitution of a successor in interest or its joinder as an additional party under Rule 25(c). *See id.; see also, Burka v. Aetna Life Ins. Co.* 87 F.3d 478, 482 (DC Cir. 1996); *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. de C.V.,* 247 F.Supp. 3d 76, 85 (DC Cir. 2017). The main consideration in deciding a Rule 25(c) motion is whether granting it would

"facilitate the conduct of the litigation." *See, e.g. Paletería La Michoacana, Inc.* 247 F. Supp. 3d at 85 (citing *Coom'ns Imp. Exp., S.A. v. Republic of Congo,* 118 F. Supp. 3d 220, 231 (D.D.C. 2015). In other words, the court's considerations under a Rule 25(c) motion are focused on convenience and economy. *See id.*

It is undisputed in this case that OIEG transferred an interest in the Award it seeks to enforce. Hr. Tr'g 10:23-24. As argued by the Republic in its written and oral pleadings, OIEG has disclosed little to no information regarding this transfer. *See* ECF No. 23, p. 9. As a starting point, OIEG has not disclosed the name of the third party or the terms of the transfer. To complicate matters, there is also the Parallel Arbitration which involved OIEG's subsidiaries. In those Parallel Proceedings, as previously explained by the Republic, the claims overlap,[2] and although the claims were ultimately dismissed, OIEG's subsidiaries are currently seeking annulment of the decision.[3] If they prevail, the Republic will be facing a second enforcement action over the same claims, and it is utterly reasonable that the Republic avail itself of all proper steps to avoid this outcome.

There is nothing particularly onerous about the Republic's request. The Republic respects the Ruling, but it does not want to face a situation where an unknown third-party has some sort of interest in this case while maintaining an interest in the Parallel Arbitration, which could result in the Republic facing another claim for the same damages. The only way to prevent this

---

[2] *See* Award in *Fábrica de Vidrios Los Andes, C.A. & Owen-Illinois de Venezuela, C.A. v. Bolivarian Republic of Venezuela,* ICSID Case No. ARB/12/21 ¶ 61-62. ("On August 17, 2015, the Respondent requested that the Claimants readjust their claims in this arbitration in light of the award rendered in the Parallel Arbitration [*OIEG v. Republic of Venezuela*], and a commitment from the Claimants [OIEG's subsidiaries] not to seek double recovery in this arbitration." In response, "Claimants requested the Tribunal to reject the Respondent's requests of August 17, 2015").

[3] Annulment Request filed by OIEG's subsidiaries in the Parallel Arbitration was registered by ICSID on March 16, 2018 and is currently pending a decision, https://icsid.worldbank.org/en/Pages/cases/casedetail.aspx?CaseNo=ARB/12/21.

conclusion would be through a stipulation, which OIEG has recently reneged on, or by adding the third-party. With all of the parties in interest before the Court, the Court's jurisdiction over all of the creditors is complete. If the Court chooses to grant the motion for summary judgment, it can fully resolve the claims of the majority owners of the glass plants. But the absence of the third-party is troubling. Without the third-party present, there is a party who could claim to be outside of this Court's jurisdiction, unbound by the judgment, and able to circumvent the purpose of this case, which is to fully decide the compensation owed to the majority owners.

Adding the third-party would not be difficult. Because it has an interest in the case, the third-party has been undoubtedly following the developments in this case. It appears that there is only one third-party, although OIEG has never clarified this point, and the third-party's presence would not re-open the grounds for the motion to dismiss, keeping this case on track for resolution. The third-party should have no problem submitting to this Court's jurisdiction, and any trouble caused is greatly outweighed by the fact that having the third-party will dramatically reduce, if not eliminate, any future litigation regarding the compensation of the majority owners of the glass plants. This would be a significant savings of judicial resources, at hardly any cost to OIEG or the third-party.

CERTIFICATE OF GOOD FAITH CONFERENCE PURSUANT TO LOCAL RULE 7(M)

The undersigned counsel certifies that it has conferred with counsel for OIEG in a good faith effort to determine whether there is any opposition to the relief sought herein. Counsel for OIEG has indicated that it opposes this Motion.

Respectfully submitted,

*/s/ Quinn Smith*

**GST LLP**
Rodney Quinn Smith
DCD Bar No. FL0027
e-mail: quinn.smith@gstllp.com
Katherine A. Sanoja
DCD Bar No. 1019983
e-mail: katherine.sanoja@gstllp.com
1111 Brickell Avenue, Suite 2715
Miami, Florida 33131
(T) (305) 856-7723
(F) (786) 220-8265

## **CERTIFICATE OF SERVICE**

  I hereby certify that on April 15, 2019, I electronically filed this document with the Clerk of the Court of the U.S. District Court of the District of Columbia by using the CM/ECF system, which will automatically generate and serve notices of this filing to all counsel of record. I further certify that I am unaware of any parties who will not receive such notice.

         By: /s/ *Katherine Sanoja*
            Katherine Sanoja