**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OI EUROPEAN GROUP B.V., <br><br> *Plaintiff*, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> *Defendant*. | Case No. 1:16-cv-01533-ABJ |

**PLAINTIFF'S OPPOSITION TO BOLIVARIAN REPUBLIC OF VENEZUELA'S
MOTION FOR A 120-DAY STAY**

Plaintiff OI European Group B.V. ("OIEG") submits its opposition to Defendant Bolivarian Republic of Venezuela's ("Venezuela") Motion for a 120-Day Stay (the "Motion") [Dkt. No. 71].

**Relevant Background**

OIEG commenced an arbitration against Venezuela more than seven years ago. More than four years ago, an arbitral tribunal issued its unanimous award (the "OIEG Award"), finding, *inter alia*, that Venezuela expropriated OIEG's interests and was therefore required to pay just compensation to OIEG. In accordance with Article 54 of the ICSID Convention, the OIEG Award became "binding on the parties" from that moment. Venezuela sought to annul the OIEG Award, and on December 6, 2018, its request was denied. An ICSID annulment committee reaffirmed the OIEG Award and awarded additional costs and expenses to OIEG.

OIEG filed this action in 2016. Venezuela resisted service, then moved to dismiss or stay in late 2017. Dkt. No. 23. This Court stayed this action on December 21, 2017, and lifted the stay on December 18, 2018. December 21, 2017 Minute Order; December 18, 2018 Minute Order. On

1

March 8, 2019, this Court denied Venezuela's motion to dismiss, *see* March 8, 2019 Minute Order, observing, in light of the mandate of section 1650a, that the only remaining issue in the case is "whether the award exists." Hrg. Tr. (March 8, 2019) 25:22. On March 14, 2019, the parties agreed that "the remaining issues are appropriate for resolution by dispositive motion." Joint March 14, 2019 Report [Dkt. No. 55].

Throughout the three-year history of the action in this Court, up until the parties' agreement on March 14, the GST firm vigorously represented Venezuela and, as far as the record shows, had full authority to do so. *See* Emergency Motion to Strike [Dkt. No. 58] at 3 (asserting that on March 19, 2019, Mr. Jose Ignacio Hernandez was appointed "Special Attorney General" of Venezuela and became "the only person having the power to represent [Venezuela] and appoint legal counsel in cases outside of Venezuela.").

On March 28, 2019, the Curtis Mallet firm appeared, asserting that it now represents Venezuela. Assuming that the facts are as it asserts, all acts undertaken in this Court on behalf of Venezuela prior to March 19, 2019 were undertaken with full authority. That means, among other things, that when the motion to dismiss was briefed, when it was reviewed by this Court, when this Court announced its decision denying the motion, when the Court correctly concluded, given the plain words of 22 U.S.C. §1650a, that the only remaining question was whether the award was authentic, and when the parties agreed that the case was ripe for resolution by summary judgment – Venezuela's interest were fully represented and protected.

Since that time, OIEG has filed a motion for summary judgment, Dkt. No. 60, and each of the two firms claiming an interest in the defense has responded. Dkt. Nos. 71, 72. The result here is inevitable. Judgment will have to enter in favor of OIEG. No stay can change that outcome.

**Argument**

"The right to proceed in court should not be denied except under the most extreme circumstances." *GFL Advantage Fund, Ltd. v. Colkitt*, 21 F.R.D. 189, 193 (D.D.C. 2003) (internal quotations omitted). As the Supreme Court has recognized, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). "[T]he supplicant for a stay must make out a clear case of hardship or inequity in being required to go forward, if . . . the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255. Venezuela has not shown an objective need for any further delay here.

"[T]he obligations of a foreign state are unimpaired by a change in that state's government." *Republic of Iraq v. ABB AG*, 768 F.3d 145, 164 (2d Cir. 2014). Prior to the change in Venezuela's government, all issues pertinent to a judgment in this case were resolved. The Curtis Mallet firm has not articulated any need to examine a factual record, or any reason why delay will advance Venezuela's interests as to the question whether judgment should enter. Curtis Mallet has now opposed summary judgment, disputing only the question of the rate of post-judgment interest. Thus it is now undisputed that OIEG is the beneficiary of an authentic and final award against Venezuela entitled to recognition under section 1650a.

By contrast, OIEG has already been prejudiced by many delays, including the most recent delay brought on so that the Court could review authority issues raised at the eleventh hour. OIEG's right to enforce its award by way of attachment or otherwise is limited by its lack of a U.S. judgment. *See* 28 U.S.C. § 1610(c). Other creditors are not so limited.

Venezuela argues that a stay is necessary "to allow the newly installed government of President Guiadó to conduct an orderly transition to democracy" and "to ensure that the Republic is able to make fully informed decisions that protect the interests of the Republic during this crucial

3

moment in Venezuela's history." Motion at 5.[1] Those are laudable goals, but a stay of this action will not serve them.[2] OIEG agrees that Venezuela and its creditors would benefit from coming to the table. This case is simply about whether, when that day comes, OIEG has a right to be at that table. There is no dispute that it does -- *as Special Attorney General Hernandez well knows*. He provided expert testimony in the OIEG Arbitration. *See* Declaration of Christopher L. Carter [Dkt. No. 64], Ex. 2 at v.

OIEG's reply in support of the motion for summary judgment (filed herewith) completes the briefing on the summary judgment motion, and all that remains will be this Court's ruling on the merits. Nearly eight years after the expropriation of its interests, OIEG's losses from Venezuela's expropriation remain unsatisfied. Further delay is unnecessary and would be inequitable.

## **CONCLUSION**

The Motion should be denied.

---

[1] The humanitarian crisis in Venezuela is urgent and appalling, but neither entry of a stay nor of a judgment will have any impact on that crisis.

[2] For example, OIEG has not sought, in this Court, to attach any assets of Venezuela. Indeed OIEG cannot attach assets of the sovereign until judgment enters and remains unsatisfied for a reasonable period of time. 28 U.S.C. §1610(c).

Dated: April 19, 2019

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Susan Baker Manning*
    Susan Baker Manning, Bar No. 499635
    susan.manning@morganlewis.com
    1111 Pennsylvania Avenue, NW
    Washington, DC 20004
    Telephone: +1.202.739.3000
    Facsimile:  +1.202.739.3001

    and

    Sabin Willett (*pro hac vice*)
    sabin.willett@morganlewis.com
    Christopher L. Carter (*pro hac vice*)
    christopher.carter@morganlewis.com
    One Federal Street
    Boston, MA 02110-1726
    Telephone: +1.617.341.7700
    Facsimile: +1.617.341.7701

    *Attorneys for Plaintiff*
    *OI European Group B.V.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2019, I caused this document to be electronically filed with the Clerk of the Court of the U.S. District Court for the District of Columbia by using the CM/ECF system, which will automatically generate and serve notice of this filing to all counsel of record. I further certify that I am not aware of any party who will not receive such notice.

                                                      */s/ Susan Baker Manning*
                                                         Susan Baker Manning