IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OI EUROPEAN GROUP B.V.,<br><br>*Plaintiff*,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>*Defendant*. | Case No. 1:16-cv-01533-ABJ |

**PLAINTIFF'S OPPOSITION TO BOLIVARIAN REPUBLIC OF VENEZUELA'S MOTION FOR SUBSTITUTION OR JOINDER OF THE THIRD-PARTY IN INTEREST**

Plaintiff OI European Group B.V. ("OIEG") submits this opposition to Defendant Bolivarian Republic of Venezuela's ("Venezuela") Motion for Substitution or Joinder of the Third-Party in Interest (the "Motion") [Dkt. No. 73].

**Relevant Background**

OIEG commenced an ICSID arbitration against Venezuela on September 7, 2011. On March 10, 2015, an arbitral tribunal issued its unanimous award (the "OIEG Award") in OIEG's favor, finding, *inter alia*, that Venezuela expropriated OIEG's interests and was therefore required to pay just compensation to OIEG. In accordance with Article 54 of the ICSID Convention, the OIEG Award became "binding on the parties" from the moment of its rendering. Venezuela sought to annul the OIEG Award, and on December 6, 2018, its request was denied. An ICSID annulment committee reaffirmed the OIEG Award and awarded additional costs and expenses in favor of OIEG.

OIEG filed this action on July 27, 2016. On July 31, 2017, OIEG entered into an agreement through which it sold to a third party an interest in amounts due under the OIEG Award, as

1

reflected in a Form 8-K filed by OIEG's ultimate parent company, Owens-Illinois, Inc. ("O-I"), with the U.S. Securities and Exchange Commission. Dkt. No. 23-2 at 7-8 (Excerpt of O-I Form 8-K announcing sale of interest in amounts due under the OIEG Award).

Venezuela moved to dismiss or stay on September 27, 2017. Dkt. No. 23. This Court stayed this action on December 21, 2017, and lifted the stay on December 18, 2018. Minute Orders of December 21, 2017 and December 18, 2018. On March 8, 2019, this Court denied Venezuela's motion to dismiss, March 8, 2019 Minute Order, observing that the only remaining issue on the merits is "really whether the award exists." Hrg. Tr. (March 8, 2019) 25:22. On March 14, 2019, the parties agreed that "the remaining issues are appropriate for resolution by dispositive motion." Joint March 14, 2019 Report [Dkt. No. 55].

On April 15, 2019, Venezuela filed the Motion.

## Argument

### I. Legal Standard

Rule 25(c) of the Federal Rules of Civil Procedure "does not require transferees to be substituted" and substitution or joinder is "wholly permissive." *Commissions Imp. Exp., S.A. v. Republic of Congo*, 118 F. Supp. 3d 220, 231 (D.D.C. 2015), *appeal dismissed* (May 18, 2016). "As a result, the decision to grant or deny a Rule 25(c) motion is a matter within the district court's discretion." *Id*. (citing *Burka v. Aetna Life Ins. Co.*, 87 F.3d 478, 482 (D.C. Cir. 1996)).

### II. Substitution is Unwarranted and Would Impede, Rather than Facilitate the Conduct of the Litigation.

Section 1650a of Title 22 provides, in pertinent part, that "the pecuniary obligations imposed by [an ICSID award] shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." The award at issue in this case contains "pecuniary obligations" running in favor of Plaintiff OIEG.

The only way to enforce those pecuniary obligations is to grant judgment in favor of the beneficiary named in the award: OIEG.

In light of some confusion in the Motion, it is worth emphasizing what OIEG's affiliate did, and did not, advise the public in 2017. On August 7, 2017, Venezuela asked the ICSID annulment committee to add O-I's Form 8-K announcing the transfer of OIEG's "title to any rights or benefits arising from the award" to the documentary record of the annulment proceedings. *See* Declaration of Robert Gustavo Volterra ("Volterra Decl.") [Dkt. No. 27-3] Ex. B at 1. The OIEG *award* was not sold – OIEG continues to own it. The Form 8-K does not say that it was sold; rather, it states that OIEG sold *certain* rights to amounts that might actually be recovered. The actual disclosure is:

> On July 31, 2017, OIEG sold its right, title and interest in *amounts due under the Award* to an Ireland-domiciled investment fund ….

Motion to Dismiss the Complaint or Stay the Proceedings [Dkt. No. 23] Ex. B at p. 2, Item 7.01 (emphasis added). The disclosure goes on to make clear that OIEG retains an interest in recovered proceeds of the award:

> . . . *OIEG may also receive additional payments in the future* ("Deferred Amounts") calculated based on the total compensation that is received from Venezuela as a result of collection efforts or as settlement of the Award with Venezuela . . . .
>
> *OIEG's interest in any amounts received in the future from Venezuela in respect of the Award is limited to a percentage of such recovery* after taking into account reimbursement of the Cash Payment to the purchaser and reimbursement of legal fees and expenses incurred by the Company and the purchaser. OIEG's percentage of such recovery will also be reduced over time . . . .

*Id.* (emphases added).

This is not a new issue. Venezuela challenged OIEG's standing before the ICSID annulment committee on the same grounds. On August 25, 2017, the committee denied the

challenge, holding that: "[t]he Committee considers that the Applicant has failed to establish the relevance of the documents described in its August 7, 2017 Request to the annulment grounds invoked in this proceeding." Volterra Decl. Ex. B at 2. On August 22, 2017, Venezuela asked the annulment committee to order OIEG's legal representatives to confirm that the company was still entitled to the rights under dispute in the arbitration proceedings. *Id.* Ex. C at 1. The annulment committee rejected that request as well, explaining: "After due consideration of the Parties' arguments, the Committee agrees with the Respondent on Annulment that the Applicant has failed to show how the information requested is relevant to the grounds of annulment invoked." *Id*. at 2.

As ICSID has confirmed, OIEG's assignment of an interest *in amounts due under the OIEG Award* (not the award itself) is irrelevant to the validity of the OIEG Award, OIEG's legal ownership of the award, or the appropriate beneficiary of a legal judgment on the award. The statute leaves no room for the Court, in enforcing the award, to do anything but grant judgment to the party upon which ICSID conferred the award. *See* 22 U.S.C. § 1650a.

"The primary basis for deciding [a motion for substitution] is whether substitution would 'facilitate the conduct of the litigation.'" *Commissions Import Export*, 118 F. Supp. 3d at 231. In *Commissions Import Export*, the district court denied a motion for substitution in light of a pending summary judgment motion as the court "fail[ed] to see how substitution would facilitate the conduct of this litigation . . . [and] a Rule 25(c) substitution has no bearing on the substantive rights of the parties." *Id*. Because OIEG remains the real party in interest, and the only named beneficiary of the award, the substitution of the plaintiff entity at the eleventh hour would sow considerable confusion and delay. It is well settled that where multiple entities "retain a stake in the litigation and are real parties in interest," a plaintiff with a partial interest "may prosecute [the] action on its own behalf." *Empire Lofts Condo. Ass'n v. A.C.&R. Foam Insulators,* LLC, 2016

WL 81222, at *2 (D.D.C. Jan. 7, 2016). As explained by the Second Circuit in *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11 (2d Cir. 1997), an assignor remained the real party in interest in part because it retained the "right to receive its pro rata share of the proceeds of litigation." *Id*. at 18. Rule 25 "expressly permits parties to continue in an action, even if they do not remain the real party in interest, as long as the cause of action *itself* survives the transfer to the new party." *Id.* at 231 (emphasis in original). Here, "the cause of action clearly survives the transfer." Hrg. Tr. (March 8, 2019) 14: 19-20.

When the action began, OIEG held title to the underlying arbitration award and had not assigned any interest in proceeds. Over the course of nearly three years, OIEG has retained title to the award and remains a party economically-interested in its proceeds.

Venezuela can suffer no prejudice by denial of the motion. Every party with interests in the award will be bound by the judgment issued by this Court. *See Branch Banking & Trust Company v. Morehouse*, 2011 WL 13257608, at *4 (D.D.C. Oct. 11, 2011) ("a judgment on an interest transferred during the pendency of trial is binding on successors of interest").

## CONCLUSION

The proper party is before the Court. The Motion should be denied.

Dated: April 19, 2019

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Susan Baker Manning*
Susan Baker Manning, Bar No. 499635
susan.manning@morganlewis.com
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: +1.202.739.3000
Facsimile:  +1.202.739.3001

and

Sabin Willett (*pro hac vice*)
sabin.willett@morganlewis.com
Christopher L. Carter (*pro hac vice*)
christopher.carter@morganlewis.com
One Federal Street
Boston, MA 02110-1726
Telephone: +1.617.341.7700
Facsimile: +1.617.341.7701

*Attorneys for Plaintiff*
*OI European Group B.V.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2019, I caused this document to be electronically filed with the Clerk of the Court of the U.S. District Court for the District of Columbia by using the CM/ECF system, which will automatically generate and serve notice of this filing to all counsel of record. I further certify that I am not aware of any party who will not receive such notice.

                                                      */s/ Susan Baker Manning*
                                                        Susan Baker Manning