**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

OI EUROPEAN GROUP B.V.,

*Plaintiff*,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

*Defendant*.

Case No. 1:16-cv-01533-ABJ

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff OI European Group B.V. ("OIEG") submits its reply in support of its motion for summary judgment [Dkt. No. 60].[1]

**Relevant Background**

On April 1, 2019, OIEG filed a Proposed Briefing Schedule [Dkt. No. 59]. It invited *both* law firms purporting to act on behalf of Venezuela (Curtis Mallet and GST) to assert any substantive objection.[2] The Court so-ordered OIEG's proposed schedule. April 2, 2019 Minute Order.

On April 1, 2019, OIEG filed its motion for summary judgment. [Dkt. No. 60].

[1] Defined terms have the definitions set out in the Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment [Dkt. No. 61]. Defendant Bolivarian Republic of Venezuela's Combined Motion for a 120-Day Stay and Response to Plaintiff's Motion for Summary Judgment is referred to as "Curtis Br.," and The Bolivarian Republic of Venezuela's Response in Opposition to Plaintiff's Motion for Summary Judgment is referred to as "GST Br."

[2] For example, the Court might deem the GST filing an *amicus* brief.

On April 15, 2019, the Curtis Mallet firm, on behalf of Venezuela, filed its opposition to the motion for summary judgment. [Dkt. No. 71]. Its only substantive argument opposing summary judgment is that the interest that accrues post-judgment should be at the federal post-judgment statutory rate set forth in 28 U.S.C. § 1961. Curtis Br. at 6-9.

On April 15, 2019, the GST firm, on behalf of Venezuela, filed its opposition to the motion for summary judgment. [Dkt. No. 72]. It makes two arguments in opposition to summary judgment: (1) there are genuine disputed issues of fact relating to the Stipulation and the Parallel Arbitration, *see* GST Br. at 6-7, 10-11, and (2) that the interest that accrues post-judgment should be at the federal post-judgment statutory rate set forth in 28 U.S.C. § 1961. GST Br. at 8-10.

## Argument

### I. There Are No Genuine Disputes of Material Fact

With both briefs filed, it is now undisputed that the OIEG Award is an authentic and final award against Venezuela. The Curtis Mallet firm does not dispute this, nor any other fact relevant to the entry of judgment. It seeks a stay and challenges the rate of post-judgment interest. The GST firm, which on March 14, 2019, agreed that "the remaining issues are appropriate for resolution by dispositive motion," *see* Joint March 14, 2019 Report [Dkt. No. 55], points to two "issues" of fact to argue that summary judgment should not be entered. *See* GST Br. at 4-5. While GST's newly raised factual issues should be rejected outright in light of Venezuela's filings to date, OIEG addresses the alleged factual issues in turn:

#### a. The Stipulation

OIEG is not now bound to the Stipulated Order for Final Judgment (the "Stipulation") [Dkt. No. 56]. It was not until *after* the Stipulation was filed that it became clear that GST was no longer authorized by the Venezuelan government currently recognized by the Executive Branch. The Stipulation purported to be a contract, and the consideration to OIEG was speedy resolution of the

dispute and issuance of a final judgment. As it happened, the other party lacked authority to enter the Stipulation, and so the Stipulation is void. While the Executive Branch had recognized the Guiadó government prior to the Stipulation, *see* Emergency Motion to Strike [Dkt. No. 58] at 1-2, counsel's lack of authority from that government was undisclosed at the time of the Stipulation. After that lack of authority emerged, OIEG assented to Venezuela's motion to strike. In light of the changed circumstances, this Court properly allowed the motion. *See U.S. v. Kanu*, 695 F.3d 74 (D.C. Cir. 2012) (citing *Laughlin v. Berens*, 118 F.2d 193, 196 (D.C. Cir. 1940)) ("Wherever justice requires a court may set aside a stipulation. It has inherent power, in the control of its own action, to relieve against them when made improvidently or when for any cause their enforcement would work injustice."); *see Wheeler v. John Deere Co.*, 935 F.2d 1090 (10th Cir. 1991) (As a matter of discretion, stipulations "may be withdrawn whenever necessary to prevent manifest injustice."). All parties' rights were retained following the abandonment of the Stipulation, and it would be unjust to require *OIEG* to proceed with a Stipulation that *Venezuela* moved to strike.

**b. The Parallel Arbitration**

The GST firm, which briefed the "double-counting" theory and was present when this Court, in a reasoned decision, rejected it, now tries to re-litigate it. The Court previously observed, "I'm not persuaded that plaintiff was seeking an impermissible double recovery in any event. . . . I find that defendant's attempt to raise this issue in this case is misplaced. The appropriate time to raise a double-recovery issue would have been during the parallel arbitration proceedings, and that was, in fact, done." Hrg. Tr. (March 8, 2019) 19:4-5, 20:1-5. If Venezuela has a legitimate basis to argue that a claim pursued in another arbitration may, if successful, double count a judgment on

the OIEG award given here now, that argument must be pursued in the other arbitration.[3] Here, the statute mandates entry of a judgment on a final ICSID award in favor of the prevailing party. 22 U.S.C. § 1650a. That resolves the only material factual question in the case. *See Drasek v. Burwell*, 121 F. Supp. 3d 143, 152 (D.D.C. 2015) (a "fact is material if it might affect the outcome of the suit under the governing law.").

## II. Post-Judgment Interest Should Accrue at the Rate Set Forth in the OIEG Award

No legal or factual defense has been made to the entry of judgment. The only legal issue in dispute (raised by both firms) is the rate of post-judgment interest that should apply on that judgment.

The ICSID tribunal in the OIEG Arbitration awarded interest from the date of expropriation until "*the date of actual payment*, calculated at a LIBOR interest rate for one-year deposits in US dollars, plus a margin of 4%, with annual compounding of accrued interest." Declaration of Christopher L. Carter [Dkt. No. 64], Ex. 2 ¶ 984 (emphasis added). Pursuant to 22 U.S.C. § 1650a(a), "[t]he pecuniary obligations imposed by [ ] an award [rendered pursuant to chapter IV of the ICSID Convention] shall be enforced." Interest is undoubtedly a pecuniary obligation imposed by the award – it is payable in money and the obligation to pay it is imposed by the unambiguous language of the OIEG Award. *See Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela ("Mobil II")*, 2015 WL 926011, at *2 (S.D.N.Y. Mar. 4, 2015) (awarding post-judgment interst at the rate set by the ICSID tribunal and holding that "a federal court must recognize and enforce that pecuniary term. Any other reading of the Court's obligations would

---

[3] For reasons that have been briefed at length elsewhere, OIEG believes there is no double-counting issue.

flout the plain language of the enabling statute.").[4] Under the ICSID Convention (Article 54) and the enabling statute (§1650a(a)), the recognizing court must enforce it, without modification.

The statute generally applicable to money judgments is 28 U.S.C. § 1961. It does not trump the specific statute requiring that pecuniary obligations of ICSID awards "shall be enforced." A federal court cannot construe the general post-judgment interest statute in a way that conflicts with a specific international agreement of the United States. *See Murray v. Schooner Charming Betsy*, 6 U.S. (2 Cranch) 64, 118 (1804). It is also "a commonplace of statutory construction that the specific governs the general." *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012). The specific statute here (22 U.S.C. § 1650a) trumps the general statute (28 U.S.C. § 1961), and the unambiguous post-award interest rate under the OIEG Award must be enforced until payment in full.

Venezuela invokes the "merger doctrine" to distinguish between post-award and post-judgment interest. *See* Curtis Br. at 7. This doctrine does not apply to ICSID awards procured by treaty under 22 U.S.C. § 1650a, for the "merger doctrine," and all of the arbitration the authority cited by Venezuela, originates in Federal Arbitration Act cases.[5] The ICSID enabling statute rejects application of the FAA procedure to enforcement of awards rendered pursuant to chapter

---

[4] *Mobil II* addressed a motion by Venezuela to amend the judgment entered against it in *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela ("Mobil I")*, 87 F. Supp. 3d 573 (S.D.N.Y. 2015). *Id.* The judgment entered in *Mobil I* was ultimately reversed on appeal on jurisdictional grounds, but the appeals court did not reach the question of post-judgment interest. *See Mobil Cerro Negro, Limited v. Bolivarian Republic of Venezuela ("Mobil III")*, 863 F.3d 96 (2d Cir. 2017). Following *Mobil III*, the United States District Court for the Southern District of New York dismissed the plaintiff's petition for lack of jurisdiction. *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, Case No. 14-08163 (S.D.N.Y. Dec. 4, 2017) [Dkt. No. 104]. However, *Mobil II* remains persuasive law as to post-judgment interest.

[5] Two cases cited by Venezuela, *see* Curtis Br. at 7, do not even involve arbitration awards. *See In re Riebeshell*, 586 F.3d 782, 794 (10th Cir. 2009); *Aboulhosn v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 940 F. Supp. 2d 1203, 1228 (C.D. Cal. 2013).

IV of the ICSID Convention, *see* 22 U.S.C. § 1650a(a) ("The Federal Arbitration Act (9 U.S.C. 1 et seq.) shall not apply to enforcement of awards rendered pursuant to the convention"), and modification of the "pecuniary obligations imposed by [the] award" is beyond the authority granted to district courts by the ICSID enabling statute. *See id*.

The FAA – inapplicable here – requires judgments confirming awards to "be subject to all the provisions of law relating to . . . a judgment in an action." 9 U.S.C. § 13. The Eleventh Circuit interpreted this language to encompass the section 1961 post-judgment rate applicable to money judgments:

> [9 U.S.C. § 13] provides that a judgment entered by a federal court confirming . . . an arbitration award "shall have the same force and effect, in all respects, as, and be subject to all provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." . . . [O]nce the court enters its judgment, it has the same effect as any other judgment recovered following a civil trial. We therefore conclude that a district court judgment affirming an arbitration award is governed by statutory post-judgment interest rates.

*Parsons & Whittemore Ala. Mach. & Servs. Corp.*, 744 F.2d 1482, 1484 (11th Cir. 1984) (citations omitted). The Eleventh Circuit's analysis informed the cases cited by Venezuela, including *Westinghouse*, *Tricon Energy*, *Fidelity Federal Bank*, *Rusoro*, and *Crystallex* – none of which involved recognition of an ICSID award pursuant to 22 U.S.C. § 1650a.[6] These cases, and the FAA's requirement that confirmations of arbitral awards be treated in every respect as money

---

[6] *See Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004) (citing *Carte Blanche (Sing.) Pte., Ltd. v. Carte Blanche Int'l, Ltd.*, 888 F.2d 260, 269 (2d Cir. 1989), which relies on *Parsons & Whittemore*)); *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 457 n.14 (5th Cir. 2013) (citing *Parsons & Whittemore* and *Carte Blanche*); *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004) (citing *Parsons & Whittemore*); *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, 300 F.Supp. 3d 137, 145 (D.D.C. 2018) (recognizing award pursuant to the FAA); *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 244 F. Supp. 3d 100, 108 (D.D.C. 2017) (same).

judgments, *see* 9 U.S.C. § 13, cannot govern ICSID awards rendered pursuant to chapter IV of the ICSID Convention because the FAA is expressly excluded by the enabling statute. 22 U.S.C. § 1650a(a). *Crystallex* and *Rusoro* involved ICSID awards rendered pursuant to the ICSID "Additional Facility Rules," rather than pursuant to chapter IV of the ICSID Convention. Awards rendered under the ICSID Additional Facility Rules are recognized by U.S. courts pursuant to the FAA and the New York Convention, while awards rendered pursuant to chapter IV of the ICSID Convention are recognized pursuant to 22 U.S.C. § 1650a. *See* Declaration of Christopher L. Carter [Dkt. No. 64], Ex. 2 ¶ 6 (recognizing the registration of the arbitration pursuant to Article 36 of Chapter IV of the ICSID Convention). In any event, the plaintiffs in both *Crystallex* and *Rusoro* expressly requested that post-judgment interest accrue at the federal statutory rate pursuant to 28 U.S.C. § 1961. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, Case No. 16-661 (TC) (D.D.C. Apr. 7, 2016) [Dkt. No. 1] at 11; *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, Case No. 16-2020 (RJL) (D.D.C. Oct. 10, 2016) [Dkt. No. 1] at 13. Unlike the FAA, the ICSID enabling statute does require awards rendered pursuant to chapter IV of the ICSID Convention to be subject to all the provisions of local law governing money judgments in civil actions. *See* 22 U.S.C. § 1650a(a).

Venezuela's citations to cases involving recognition of state judgments in federal courts are inapposite[7] – there is no federal statute mandating recognition of a state-court judgment's post-judgment interest rate, and in such instances application of the federal post-judgment rate is nothing more than a federal statute trumping a state statute. This is unremarkable as a matter of U.S. law, *see* U.S. Const. art. VI, cl. 2 (Supremacy Clause), but it has no place in enforcing the

---

[7] *See* Curtis Br. at 8.

pecuniary obligations of ICSID awards rendered pursuant to chapter IV of the ICSID Convention, which are treaty based rights enforceable without modification pursuant to 22 U.S.C. § 1650a.

Thus, when recognizing ICSID awards rendered pursuant to chapter IV of the ICSID Convention, courts have included post-judgment interest at the rate awarded by the ICSID tribunal.[8] *See Mobil II*, 2015 WL 926011, at *3; *Liberian E. Timber v. Republic of Liberia*, 650 F. Supp. 73, 75 (S.D.N.Y. 1986) (entering judgment for the full amount of the award, including "interest, based upon and as specified in the award issued by the ICSID arbitration panel."); *Duke Energy Int'l Peru Invs. No. 1 Ltd. v. Republic of Peru*, 892 F. Supp. 2d 53 (D.D.C. 2012) (rejecting Peru's attempt to pay interest at a rate different from that awarded by the ICSID tribunal). Most recently, in *Tidewater Investment SRL et al v. Bolivarian Republic of Venezuela*, the district court entered judgment recognizing the underlying ICSID award and awarded post-judgment interest at the rate awarded by the ICSID panel. *Tidewater Investment SRL et al v. Bolivarian Republic of Venezuela*, Case No. 17-01457 (TJK), Dkt. No. 23 (D.D.C. Jan. 25, 2019).

## **CONCLUSION**

OIEG requests that the Court enter a judgment confirming and enforcing the award, in the form submitted with the motion, and that it be granted such other and further relief as is just and proper.

---

[8] Venezuela's cites to *Sempra Energy*, *Enron Corp.* and *Miminco* are misleading, as the *ICSID* panel did not award *any* post-award interest. *See Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, Case No. 14-08163 (S.D.N.Y. Feb. 27, 2015) [Dkt. No. 45] Ex. 16 at 138 ¶ 3 (*Sempra* award); *id.* Ex. 18 at 139 ¶ 3 (*Enron* award); *Miminco, LLC v. Democratic Republic of the Congo*, 79 F. Supp. 3d 213, 218-19 (D.D.C. 2015).

Dated: April 19, 2019

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Susan Baker Manning*

Susan Baker Manning, Bar No. 499635
susan.manning@morganlewis.com
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: +1.202.739.3000
Facsimile: +1.202.739.3001

and

Sabin Willett (*pro hac vice*)
sabin.willett@morganlewis.com
Christopher L. Carter (*pro hac vice*)
christopher.carter@morganlewis.com
One Federal Street
Boston, MA 02110-1726
Telephone: +1.617.341.7700
Facsimile: +1.617.341.7701

*Attorneys for Plaintiff*
*OI European Group B.V.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2019, I caused this document to be electronically filed with the Clerk of the Court of the U.S. District Court for the District of Columbia by using the CM/ECF system, which will automatically generate and serve notice of this filing to all counsel of record. I further certify that I am not aware of any party who will not receive such notice.

*/s/ Susan Baker Manning*
Susan Baker Manning