# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| OI European Group, B.V., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-01533-ABJ |
| ) | |
| Bolivarian Republic of Venezuela, ) | |
| ) | |
| Defendant. ) | |

## NOTICE PURSUANT TO THE COURT'S ORDER OF MAY 2, 2019

Defendant, the Bolivarian Republic of Venezuela (the "Republic"), pursuant to this Court's Order of May 2, 2019, hereby notifies this Court on the following developments:

On May 3, 2019, the tribunal in the parallel arbitration involving OIEG's subsidiaries, Fábrica de Vidrios Los Andes, C.A. and Owens-Illinois de Venezuela (collectively "OIEG's subsidiaries") issued a decision denying representation by Mr. Guaidó's agents of the Republic in the proceedings before it. A copy of the decision is attached as **Exhibit A**.

The Republic also brings to this Court's attention a recent court decision from the Southern District of Florida. In that case (*Comparelli et. al. v. República Bolivariana de Venezuela, et. al.*, Case No. 14-cv-24414), the Republic is also represented by GST LLP, and there was an attempt by attorneys instructed by Mr. Guaidó to substitute GST LLP as counsel for the Republic. Rather than rule on the motion for substitution, the court in that matter granted a 120-day stay due to the ongoing political situation. A copy of the paperless order granting a stay is attached as **Exhibit B**.

1

Following the instructions of this Court, Counsel for the Republic has been in conversations with the attorneys instructed by Mr. Guaidó to see if a compromise could be found. Unfortunately, this was not possible. We understand that both sets of counsel will file separate status reports. Counsel for the Republic will not voluntarily withdraw for the reasons stated below.

Only GST can effectively represent Venezuela as it relates to the Stipulation and the Motion for Summary Judgment. The Stipulation is a binding contract, entered into between the Republic and OIEG. Even in its capacity as an unrecognized government, the Republic, as instructed by the officials appointed by Mr. Maduro, can enter into enforceable contracts, and only GST can represent the Republic with regards to the Stipulation. In addition, the Guaidó Government cannot effectively represent the Republic in this matter, because it cannot represent the Republic in the Parallel Arbitration, as noted above. *See* **Exhibit A**. Finally, should the Court have any doubt regarding the proper representation of the Republic, the best course of action is to stay the proceedings, without ruling on the issue of authority. In the only case where the issue of authority had been fully briefed by the parties, that court opted to stay the case without ruling on the issue. *See* **Exhibit B**. The Republic's preference is an enforceable stipulation, but if that is not possible based on the unique procedural posture, then it would request a stay along the terms granted in *Comparelli*.

Respectfully Submitted,

/s/ *Quinn Smith*
**GST LLP**
Rodney Quinn Smith
DCD Bar No. FL0027
e-mail: quinn.smith@gstllp.com
Katherine A. Sanoja

DCD Bar No. 1019983  
e-mail: katherine.sanoja@gstllp.com  
1111 Brickell Avenue, Suite 2715  
Miami, Florida 33131  
Telephone: (305) 856-7723  
Facsimile: (305) 856-7724

**CERTIFICATE OF SERVICE**

   I hereby certify that on May 16, 2019, I electronically filed this document with the Clerk of the Court of the U.S. District Court of the District of Columbia by using the CM/ECF system, which will automatically generate and serve notices of this filing to all counsel off record. I further certify that I am unaware of any parties who will not receive such notice.

          By: /s/ *Katherine Sanoja*
             Katherine Sanoja